STATE OF TEXAS, EX REL J. E. FLOWERS, CITY ATTORNEY, ET AL, V. PHIL D. WOODRUFF, DISTRICT JUDGE, ET AL.

No. 23621. Delivered February 19, 1947.
Rehearing Denied (Without Written Opinion) March 26, 1947.

J. E. Flowers, Lewis W. Cutrer, George W. Eddy, and Will Sears, all of Houston, and Ernest S. Goens, State's Attorney, of Austin, for the State.

A. F. Sundemeyer, William Calvin Montgomery, W. J. Mills, and Peter S. Solito, all of Houston, for respondents.

HAWKINS, Presiding Judge.

The City of Goose Creek, in Harris County, Texas, enacted an ordinance providing for the issuance of franchise permitting

the operation of taxicabs for hire, and regulating the operation thereof.

Section 4 fixes a street rental charge of one per cent (1%) on gross receipts from the operation of said taxicabs. Section 5 provides that the owners and operators shall keep records of revenues accruing and expenses incurred in the operation. Section 6 fixes the rates and fares which might be charged. Section 7 prohibits the operation of taxicabs for hire until a franchise to permit such operation is obtained, and provides for a hearing upon application for such permit. Section 8 provides for maintaining terminals for taxicabs, with telephone service. Section 9 prohibits any one from driving taxicabs who has not secured a chauffeur's license from the City Director of Transportation. Section 10 defines "cruising" and prohibits same except within certain hours, and prohibits the transportation knowingly of a criminal or prostitutes, or a person to the abode of a commercialized prostitute. Section 11 reserves the right to modify, amend, alter, change or eliminate any provisions of the franchise within certain limitations. Section 12 requires the holder of a franchise to give a good and sufficient performance bond, specifying its terms, and furnish a policy of insurance covering public liability and property damage. Section 13 enumerates the duties of the Director of Transportation, etc. Section 14 requires that every taxicab shall have painted on each side the name of the owner, the number of the cab and the telephone number of the owner. Section 15 prohibits the operation of a cab when the ad valorem tax is delinquent. Section 16 requires passengers to pay the fares due, and makes the refusal to pay an offense. Section 17 prohibits cruising and calling by drivers. Section 18 provides for the revocation of a franchise for failure to comply with the terms of the ordinance. Section 19 provides for owners of a franchise to operate through divisions or units or operating companies. Section 20 makes a violation of any provision of the ordinance punishable by a fine of $100.00, and each day the violation continues a separate offense. Section 21 provides that if any part of the ordinance is held unconstitutional or invalid the remaining parts of the ordinance shall not be affected thereby.

We do not deem it necessary to set out in detail the provisions of the ordinance for the reason that in the proceeding now before us this court is not called upon to pass upon the validity of the ordinance, nor of any section thereof, and we expressly disclaim any intention to do so.

Certain words or sentences, where thought desirable, have

been italicized, and it is to be understood that whenever it occurs the emphasis is ours unless otherwise indicated.

Roy Sherman, Lonnie Williams, Lyle E. Messinger, James F. Utz, E. D. Harrold, W. R. Wagner and W. M. Morgan presented a petition to the Hon. Phil D. Woodruff, District Judge of Harris County, complaining of C. Q. Alexander, Mayor of the City of Goose Creek, E. E. Hunter, City Manager and Director of Transportation of said city, E. J. (Ed) Dickens, Chief of Police of said city, seeking to have the officers named enjoined from enforcing the ordinance mentioned. It is alleged in said petition that all the plaintiffs except Roy Sherman and Lonnie Williams, hold permits to operate taxicabs in the city, and that the two named have been refused renewals of such permits. Plaintiffs say in their petition:

"That this is an action brought by the plaintiffs herein to have *declared invalid,* and to *enjoin* the *enforcement* and *operation"* of the ordinance in question and asking for *"injunctive* relief to *enjoin* the *enforcement* of said ordinance, as *well as* a *declaration* of the *invalidity* of *said ordinance."* Plaintiffs averred generally in their petition that the ordinance in question is "unconstitutional, inoperative, vague and uncertain, is grossly ambiguous, highly penal, discriminatory, prejudicial, confiscatory and wholly impossible of compliance, and said ordinance ought to be declared invalid and defendants ought to be enjoined from enforcing, *or even attempting to enforce* said ordinance."

Plaintiffs specifically attack Section 4 of said ordinance in attempting to levy a street rental charge of one per cent upon the gross receipts of fares collected because, as alleged, it is unlawful and prohibited by the State laws in Art. 6698, Revised Civil Statutes. Section 5 is specifically attacked upon the ground that it is impossible of performance, unintelligible and discriminatory. It is averred that Section 3 of said ordinance is discriminatory, ambiguous and in conflict with other provisions of said ordinance, and delegates unauthorized power to the Director of Transportation. Section 6 of said ordinance is alleged to be invalid as attempting to set prices on fares charged for service outside the limits of the City of Goose Creek. Section 7 of the ordinance is attacked as being impossible of compliance, ambiguous, vague and uncertain, and in conflict with Section 3. Section 8 regarding terminals is alleged to be impossible of compliance, vague and indefinite, and that it contains oppressive and unreasonable regulations and requirements. Practically the same specific averments are made regarding Section 9 of the

ordinance. Section 10 is alleged to be impossible of compliance, and that it confers unprecedented, arbitrary and dictatorial powers upon the Director of Transportation. Section 12 is assailed under an allegation that it is wholly impossible of compliance, is grossly vague and uncertain, unintelligible and unconstitutional, and delegates unauthorized authority to the Director of Transportation. Section 20, which fixes a fine of $100.00 for a violation of any provision of the ordinance, and makes each day of violation a separate offense, is assailed as follows:

"Plaintiffs herein allege and say that the said *ordinance* in its *entirety,* is here best *illustrated* in that *there is a penalty of $100.00 for each violation, and each day a violation continues or exists, constitutes a separate offense,* by which means the Defendant, City of Goose Creek, Texas, and those in charge thereof become complete masters of the Plaintiffs and their drivers, by securing evidence, from private papers and records, as required in said ordinance, and then insisting upon a penalty for each day of the periods of time, thus making it *grossly oppressive, intolerant,* and serving only the Defendants who manifest a desire to control each service of the Plaintiffs, and the Plaintiffs themselves, and the objections heretofore urged herein, are best exemplified by the penalties imposed by said ordinance."

A general averment in the petition is to the effect that the ordinance is void as having been irregularly enacted, and asserting that defendants *"ought* to be *restrained* from *enforcing,* or *attempting* to *enforce* the *provisions* of the *aforesaid ordinance."*

Then follows another general averment that defendants have demanded compliance with the ordinance in its entirety, otherwise prosecutions would follow; and that "if the threatened enforcement of the ordinance is carried out that plaintiffs will suffer immediate and irreparable injury, loss and damage," and that plaintiffs have no remedy at law, and that if the terms of said ordinance are enforced their entire business will be lost and destroyed.

Then follows the prayer for injunctive relief as follows:

"Wherefore, the premises considered, the Plaintiffs herein pray that this Court issue a temporary restraining order, without notice, to the Defendants, *restraining* the Defendants from *interferering with Plaintiffs,* or the *operation of these Plain-*

*tiffs business, until such time* as notice can *be served and a hearing had on a temporary injunction* and that the *Defendants,* each of them, be *restrained* from *interfering* with, *molesting,* or *arresting* any of the Plaintiffs herein, or any of *their drivers or employees* until such time as a hearing can be had on Plaintiffs petition for a temporary injunction, and that the Defendants be restrained from intimidating the Plaintiffs or any of their employees or drivers, and that the Defendants be cited, in terms of the law, to appear at the time stated in said Order to show cause why, a temporary injunction should not be granted, and that on a hearing thereof, that a temporary injunction be granted, likewise restraining the Defendants, and each of them, as requested under the restraining Order, and that upon the final hearing hereof, the *said ordinance* in *each respect* where the same *violates* the *Constitution of the United States* or of the *State of Texas or Laws of the State of Texas,* the same be *annulled, cancelled and declared void,* and that the *Defendants be permanently enjoined from the enforcement of said* Ordinance, * * *"

After notice to the parties the judge to whom the petition was addressed entered in open court and at a regular term thereof the following order.

"It is therefore, ordered, adjudged and decreed by the Court that a Temporary Injunction as prayed for by the Plaintiffs Roy Sherman, Lonnie Williams, Lyle E. Messinger, James F. Utz, E. D. Harrold, W. R. Wagner and W. M. Morgan be, and the same is hereby in all things granted and that the Defendants C. Q. Alexander, E. E. Hunter, E. J. (Ed) Dickens and the City of Goose Creek, Texas, a municipal corporation, be, and they are hereby *restrained* and *enjoined* from *molesting, interfering* with or *arresting* any of the *Plaintiffs* or any of *their employees* in the *operation of any of Plaintiffs' taxicab business* or *taxicab businesses* and from *enforcing the provisions of the ordinance complained of in Plaintiffs' application,* pending the final hearing and adjudication of this Cause." * * * Signed, "Phil D. Woodruff, Judge."

The foregoing restraining order is still in force. It has not been reversed, modified, appealed from, or otherwise vacated.

The defendants in the injunction proceeding, relators here, bring this suit against the plaintiffs in the injunction proceeding, respondents here, and against the Hon. Phil D. Woodruff, Judge of a Civil District Court of Harris County, Texas, directly

attacking the restraining order; and assert that the court entering the same was without jurisdiction because the ordinance in question was a penal ordinance; that respondents had no vested property rights in the use of the public streets of the City of Goose Creek to conduct thereon the business of operating taxicabs for hire in the transportation of passengers.

No complaint had been filed against any of the respondents charging them with a violation of any particular section or provision of said ordinance, but a general averment that relators were insisting on a compliance with all the provisions of the ordinance, hence a request for a sweeping injunction against the enforcement of any and all of its provisions, which is the effect of the restraining order.

There can be no question but that the ordinance under consideration is penal in its nature, as it provides a fine up to one hundred dollars for each violation of any part of the ordinance.

Neither the ordinance nor the petition of respondents for injunctive relief reveal the invasion or threatened invasion of any vested property rights of respondents. This being true, the jurisdiction of the civil District Court of Harris County to issue the restraining order (which in effect holds the ordinance invalid) is directly called into question.

We state the general rule as found in American Jurisprudence, Vol. 28, page 414 and 415; Section 233: "* * * it has become a well-established rule that equity will not enjoin criminal proceedings or attempt to stay the hands of the peace officers in enforcing criminal law, except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights. Any other would result in much confusion and embarrassment in preserving peace and order and enforcing the police power of the state generally. * * * As a general rule, equity concerns itself only with property rights, and will not intervene for the purpose of restraining the enforcement of a criminal statute or of a regulatory ordinance providing a penalty for its violation, even though it is being enforced in an oppressive and unlawful way." Under this statement in the text is cited Barkley v. Conklin, (Tex. Civ. App.) 101 S. W. (2d) 405. This opinion was written by Judge Alexander, now Chief Justice of our Supreme Court. In said opinion the law is announced in the same language as in the text. The following Texas cases are cited with approval. Ex parte Sterling, 122 Tex. 108, 53 S. W. (2d) 294,

(Sup. Ct.) ; State ex rel McNamara v. Clark, 79 Tex. Cr. R. 559, 187 S. W. 769; McDonald v. Denton, (Tex. Civ. App.) 132 S. W. 823; Box, et al v. Newsom, et al, (Tex. Civ. App.) 43 S. W. (2d) 981.

` We quote from Greiner-Kelly Drug Co. v. Truett, (Sup. Ct.) 97 Tex. 377, 79 S. W. 4. (Opinion by Williams.) "Now, the law itself gives the definition of the offenses which it intends shall be punished, and prescribes the courts in which, and the procedure through which, it is to be applied, and the guilt or the innocence of persons prosecuted under it is to be determined. In our opinion, it would be little short of usurpation for a court of equity to take hold of the officers, and substitute, in-advance for the definitions of the law, its own, and enforce by the writ of injunction conformity to the rule prescribed. Especially is this true where the final construction of the penal laws is intrusted to the Court of Criminal Appeals, and not to the courts administering civil remedies."

Following the above quotation, the opinion in McDonald v. Denton (supra) proceeds in these words. "The courts and other agencies intrusted with the enforcement of the criminal laws of the state have the right to pursue their course in performance of their duties unhampered and unrestrained by courts of equity, whose assistance, advice, or commands are not needed to guide those agencies in the discharge of their duties."

In State ex rel McNamara v. Clark (supra) this court by majority opinion held that a court of equity had no jurisdiction to restrain the enforcement of a penal statute or ordinance unless irreparable injury would be done to vested property rights, and that a license is but a permit and grants no vested rights that may not be revoked. This appears to have been the holding in the civil courts of the State. In City of Graham et al v. Seal et al, (Civ. App.) 235 S. W. 668, the Court said: "If injunctive relief can be granted in this suit, then the same character of action will lie to restrain the enforcement of any void ordinance of a city or town simply and solely by reason of the fact that it is void. If the ordinance now in question is void, no reason is perceived by us why the complainants have not a plain and adequate legal remedy, either by resorting to a writ of habeas corpus or by urging the invalidity of the ordinance as a defense to the criminal prosecution; and to hold that injunctive relief can be granted to restrain a prosecution for violation of that ordinance would be for this court to invade the province of the Court of Criminal Appeals of our state, in which is vested

exclusive appellate jurisdiction of criminal prosecutions in ordinary cases." Writ of error was denied by the Supreme Court. In Kemp Hotel Operating Co. v. City of Wichita Falls, (Sup. Ct.) 144 Tex. 90, 170 S. W. (2d) 217, the opinion was written in 1943 by Judge Hickman, then a Commissioner to the Supreme Court, now a member of that court, in which it was said: "As a general rule, courts of equity will not enjoin a criminal proceeding. It is the function of courts of law created for the purpose of trying criminal cases to pass upon the validity of criminal statutes or ordinances. Courts of equity may be resorted to for the purpose of enjoining the enforcement of a criminal statute or ordinance only when same is void and when its enforcement invades a vested property right of the complainant."

It is noted that in the case last referred to the court cites as authority Ex parte Sterling (supra), and Box, et al v. Newsome (supra). In the City of Ballinger v. Boyd, (Civ. App.) 173 S. W. (2d) 363, Boyd procured an injunction restraining the City from enforcing an ordinance regulating the operation of taxicabs in the City. The court said:

"The ordinance is penal in nature, and the action is to enjoin the enforcement of a penal ordinance. Appellee neither alleged nor proved that the enforcement of the ordinance would constitute a direct invasion of any vested property. The trial court therefore erred in granting the temporary injunction under the settled rule stated and quoted by the Commission of Appeal in the recent case of Kemp Hotel Operating Co. v. City of Wichita Falls, 170 S. W. (2d) 217, 219, * * *

"Appellee has no vested right to use the streets of Ballinger nor the highway between Ballinger and Bruce Field on which to operate his private business of transportation of passengers for hire by automobile. He had no such right either before or after the passage of the ordinance. Appellee's case is clearly controlled by these authorities cited and quoted from. This is true independently of any question of the validity of the ordinance, and we pretermit any discussion of such question."

In their briefs relators refer to City of Corpus Christi v. Texas Driverless Company, (Sup. Ct.) 190 S. W. (2d) 484, and Payne v. Massey, (Sup. Ct.) 196 S. W. (2d) 493, conceding that they might be urged as contrary to the prior holdings that only where vested property rights are involved does a court of equity have power to restrain enforcement of a penal ordinance. In the case first mentioned there is no allusion to the jurisdic-

tional question at all. In the Payne v. Massey case the question of vested property rights is not mentioned, and the court only held invalid that portion of an ordinance which assessed a street rental charge for the use of its streets by taxicab operators, but held that other portions of the ordinance were enforceable. Not so in the case now' under consideration. Here the injunction is all-inclusive against enforcement of all provisions of the ordinance in question. If it was intended in the two cases last mentioned to extend the power of equity courts to enjoin enforcement of penal ordinances regardless of whether vested property rights were imperiled they are departures from the prior holdings in this state.

The Constitution of our state in Sec. 5, Art. 5 provides: "The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the state in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law." The jurisdiction of the Courts of Civil Appeals and the Supreme Court is set out in the same article.

Many cases have been decided by both the Supreme Court and this court in which the comity between the courts has been alluded to and the obligation to follow the law as construed by the courts having jurisdiction under the Constitution in civil and criminal matters. In the interest of time and space we cite some of them without further comment as they speak for themselves. Commissioners' Court of Nolan Co. v. Beall, (Sup. Ct.) 98 Tex. 104, 81 S. W. 526; Green v. Southard, (Sup. Ct.) 94 Tex. 470, 61 S. W. 705; Ex parte Cowden, 168 S. W. 539; Barnes v. State, 170 S. W. 548; Ex parte Mode, 77 Tex. Cr. R. 432, 180 S. W. 708; Ex parte Coombs, 38 Tex. Cr. R. 651, 44 S. W. 855; State ex rel McNamara v. Clark, 79 Tex. Cr. R. 559, 187 S. W. 760; Card v. Souter, (Sup. Ct.) 122 Tex. 77, 52 S. W. (2d) 268; State v. Ferguson, (Sup. Ct.) 133 Tex. 60, 125 S. W. (2d) 272; Kadane v. Clark, (Sup. Ct.) 135 Tex. 496, 143 S. W. (2d) 197; Jones Fine Bread Co. v. City of Groesbeck, (Sup. Ct.) 148 S. W. (2d) 195.

Many pages of relators' brief are concerned with the question of the validity of certain sections of the ordinance under consideration. We have refrained from consideration of this point, and again point out that in this proceeding we are concerned primarily with the question of whether the Civil District Court of Harris County had jurisdiction to issue the restraining order against relators. The validity or otherwise of

the ordinance in question or of any section thereof will be determined when and if it reaches us in the proper manner.

The ordinance in question is penal in its nature; it confers upon respondents no vested property rights to use the streets of Goose Creek for commercial purposes in operating taxicabs for hire thereon. Relators are prohibited by the injunction from enforcing or attempting to enforce any part of the ordinance in question without being held in contempt by the court issuing the injunction. Any redress from such order of contempt would of necessity have to be sought from a civil court because the contempt would arise in a civil proceeding. We cannot escape the conclusion that the restraining order issued by the Civil District Court of Harris County was beyond the jurisdiction of said court to make, and necessarily impinges on the potential jurisdiction of this court to determine the validity of city penal ordinances. The petition of relators praying for the writ of prohibition against respondents is granted and the clerk of this court is directed to issue such writ against the Hon. Phil D. Woodruff, Judge of the 113th Judicial District in and for Harris County, Texas, Roy Sherman, Lonnie Williams, Lyle E. Messinger, James F. Utz, E. D. Harrold, W. R. Wagner and W. M. Morgan, prohibiting them and each of them from interfering with relators in the enforcement or attempted enforcement of the ordinance in question, or in any way proceeding against them under said restraining order.