**BELL DENTAL LABORATORY, Inc.,**
Appellant,

v.

**Hon. Dan WALTON, District Attorney of
Harris County, Texas, Appellee.**

No. 13138.

Court of Civil Appeals of Texas.
Houston.

Nov. 14, 1957.

Rehearing Denied Dec. 5, 1957.

———◆———

E. B. Votaw, Vidor, for appellant.

Joe S. Moss, Houston, for appellee.

WOODRUFF, Justice.

This is an appeal by Bell Dental Laboratory, Inc., plaintiff in the trial court, from an order dated February 25, 1957, entered by the 11th District Court of Harris County, Texas, refusing to grant appellant a temporary injunction restraining Hon. Dan Walton, the District Attorney of Harris County, Texas, from preferring or prosecuting any criminal charge against any officer or employee of appellant based upon Subsec. (5) of Article 754a, Texas Penal Code, Article 754a(5), Vernon's Ann.P.C.

In its first amended original petition, appellant alleged that it is a corporation chartered under the laws of Texas to manufacture and sell dentures and dental appliances and to purchase and sell goods, wares and merchandise used for such business. It was further alleged that since receipt of its charter on January 6, 1955, appellee, Dan Walton, as District Attorney of Harris County, persisted in filing and prosecuting, or causing the same to be done by his employees, criminal proceedings against appellant's officers and employees based on Subsec. (5) of Article 754a, T.P.C., which appellant alleged to be unconstitutional and void.

It was further alleged that E. H. Mayo, being the same person as Evans Mayo, was president and a director of appellant, and that H. (Howard) A. Demieville was a director and one of its employees; that two charges had been filed against Demieville charging him with practicing dentistry, and one against Mayo; that Demieville was found not guilty on one charge, the other being dismissed, and that the case against Mayo was set for trial for March 26, 1957. It was further alleged that the persistent efforts of appellee to prosecute its officers and employees under an unconstitutional law had resulted in irreparable injury and damage to appellant's vested property rights. Appellant averred that a justiciable controversy existed and upon a final hearing under Article 2524–1, Vernon's Ann. Texas Civ.St. the "status, rights and other legal relations as between said parties be declared and adjudicated in respect to the validity, construction and application of the statute."

Appellant prayed for a temporary injunction restraining appellee from any prosecution under Article 754a, Subsec. (5), T.P.C., during the pendency of the suit and prayed that on final hearing judgment be rendered for plaintiff in accordance with the pleadings and that Subsec. (5) of Article 754a, T.P.C., be declared void and the temporary injunction be made permanent.

Upon the hearing of the application for temporary injunction, appellant offered in evidence its charter filed in the office of the Secretary of the State of Texas on January 6, 1955, showing the purpose clause to be as alleged in its petition; that the capital stock of $1,000 was fully subscribed and paid in, and that E. H. Mayo, H. A. Demieville, and M. Coggin were the incorporators and directors thereof.

There was also offered in evidence a verified copy of Article 13 of appellant's by-laws, passed on January 7, 1955, the day after the filing of the charter, which read as follows:

"Article 13. It shall be the duty of the President of the Company to immediately place in full force and effect all rules and regulations necessary or required in order to insure that all officers, agents and employees of the Corporation shall strictly comply with the laws of Texas (both civil and crimi-

nal) pertaining to the practice of dentistry in this state in the conduct of the Company's business. In connection therewith, no work or services of whatsoever nature shall be performed or accomplished by the Company, or by any of its officers, agents or employees, unless and until the applicant therefor shall execute an affidavit stating under oath a truthful account of the precise nature and extent of such work or services so performed."

Copies of two informations, dated May 24, 1955, charging Howard Demieville with the unlawful practice of dentistry in that he undertook "to fit, adjust and substitute in the human mouth * * * a dental appliance, structure and denture" without "a license from the State Board of Dental Examiners", were also offered in evidence. In one of these informations the offense was alleged to have occurred on September 14, 1954, almost four months before the appellant was incorporated.

Appellant also offered in evidence an information dated November 21, 1956, charging Evans Mayo with the same offense, alleged to have been committed on July 10, 1956, together with a judgment of acquittal in one of the cases against Demieville.

H. A. Demieville was offered as a witness and testified that he had been employed by appellant since its incorporation, and at the time of trial was a branch manager of its Corpus Christi office; that he was a dental technician; that while technicians ordinarily get $60 to $75 per week, Bell starts its at $100 per week because "they are a bit leery of going to work" for Bell on account of the prosecutions. He testified that every customer had to "abide by that by-law" No. 13. Each customer is required to sign an affidavit that the dentist is actually doing the impression work and he is furnishing the impression and none of their (appellant's) technicians are doing any work on the customer's mouth. When asked to sign the affidavit, so Demieville testified, about one-third of them leave, thus decreasing the company's business about one-third. The witness further stated that Bell had a gross income of between $50,000 and $60,000 in 1955, and in 1956, but failed to make a profit either year.

E. H. Mayo, the appellant's president, had one charge pending against him, so Demieville stated. He further testified that at the time of the trial four complaints had been filed against him, two of which had been dismissed. He stated that neither he nor E. H. Mayo had a license to practice dentistry.

Referring to the procedure followed in appellant's place of business, Demieville stated that when people who need dentures come in, they are asked if they would like to have their work done by Bell Dental Laboratory. If so, they have to have their dentist make "the impression" and do the "fitting work." He testified that the appellant does not employ dentists but there is one who has his office on the premises. If a person wants to go to him, they are agreeable; if not, he can go anywhere in the city to have the impression work done and bring it to them to have the dentures fabricated; and approximately one out of three "when they find this arrangement, get up and leave without signing the affidavit." They are told they will have to sign the affidavit either immediately before or after "the dentist has given them an examination." Everyone is required to sign the affidavit, that is company policy—so Demieville testified.

There was no testimony that any person in the employ of Bell Dental Laboratory, Inc., other than Mayo and Demieville, had had any charges preferred against them.

At the conclusion of the hearing, the trial court denied appellant's application for temporary injunction, and this appeal is taken from that ruling.

Appellant assigns as error on the part of the trial court an abuse of discretion in refusing to grant the application for temporary injunction because, so it asserts, Subsec. (5) of Article 754a, T.P.C., is void and that the trial court could not base his refusal to grant a temporary injunction upon a consideration of the evidence adduced upon the hearing.

Its position is, therefore, that if, under the law, a successful attack can be made on the constitutionality of Subsec. (5) of Article 754a, T.P.C., appellant would be entitled to the issuance of a temporary injunction as a matter of law.

■ The general rule is well established in this State that the granting or refusing of a temporary injunction is within the sound discretion of the trial court, and that action will not be disturbed on appeal unless it is clearly shown from the record that there has been an abuse of such discretion. Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964. Appellant has cited no case in which a trial court's action in refusing a temporary injunction under these circumstances has been held to be an abuse of discretion. However, we have decided to pass to a consideration of other issues in this case.

Appellee, while denying that Subsec. (5) of Article 754a, T.P.C., is void, contends that this suit seeking to enjoin the prosecution of a criminal action cannot be maintained in the civil courts because the appellant wholly failed to establish that it will result in irreparable injury to its vested property rights.

■ We believe this position to be well taken. Such was the rule announced by the Court of Criminal Appeals of Texas in the case of State ex rel. Flowers v. Woodruff, 150 Tex.Cr.R. 255, 200 S.W.2d 178, wherein it was held that equity will not enjoin criminal proceedings or attempt to stay police officers in enforcing criminal law except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights.

■ Prior to this holding, the rule as laid down in our appellate courts in civil matters was that it is the function of the courts of law created for the purpose of trying criminal cases to pass upon the invalidity of criminal statutes. However, courts of equity may be resorted to for the purpose of enjoining the enforcement of a criminal statute when the existence of two facts is clearly shown: (1) that such statute is unconstitutional and void; and, (2) that its enforcement constitutes a direct invasion of a property right of the petitioner. Kemp Hotel Operating Co. v. City of Wichita Falls, Tex.Com.App., 141 Tex. 90, 170 S.W.2d 217; City of Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S.W. 528; Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294.

This Court, in two recent decisions, has applied the same rule in cases wherein declaratory judgments were sought. See Stecher v. City of Houston, Tex.Civ.App., 272 S.W.2d 925, writ refused, n.r.e.; and Malone v. City of Houston, Tex.Civ.App., 278 S.W.2d 204, writ refused, n.r.e.

It must be borne in mind, too, that only Subsec. (5) of Article 754a, T.P.C., and Subsec. (5) of Article 4551a, R.C.S., Article 4551a(5), Vernon's Ann.Civ.St., are challenged by appellant. Subsections (1, 2, 3, 4) of each Article all pertain to defining the practice of dentistry and no attack is made upon them.

■ The question then presented is whether appellant has shown an invasion of a property right. The facts in this case show that any loss of business sustained by appellant was due to its own voluntary act in promulgating "Article 13" of its by-laws on the first day of its corporate existence and requiring customers to make an affidavit in connection with the work which it did for them. The testimony wholly failed to establish that Subsec. (5) of Article 754a, T.P.C., ever had

anything to do with any loss occasioned by a customer's refusal to sign the affidavit which appellant required. In fact, according to the record, Article 13 of appellant's by-laws was passed some four months before the first information against either Mayo or Demieville was filed after its incorporation. Certainly the proof in this case wholly failed to establish that any prosecution under Subsec. (5) of Article 754a of the Penal Code was an invasion of appellant's property rights.

■ We now come to a consideration of appellant's contention that the amendment by the 53rd Legislature, First Called Session, in 1954, adding Subsection (5) to Article 754a of the Penal Code and Article 4551a of the Revised Civil Statutes, is void because the subject matter thereof is nowhere set forth in the title, as required in Section 35 of Article III of the Texas Constitution, Vernon's Ann.St.

Section 35 of Article III of the Texas Constitution provides:

"No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject such shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Article 754a, T.P.C., and Article 4551a, R.C.S., were both amended by the enactment of House Bill No. 132 by the 53rd Legislature, First Called Session, 1954, the title or preamble of which read as follows: "An Act further defining the practice of Dentistry by adding a new Subdivision in the Civil Statutes and the Penal Code; providing for a severance clause; and declaring an emergency."

Appellant cites the case of Board of Water Engineers v. City of San Antonio, Tex., 283 S.W.2d 722, as authority supporting its views. It is quite clear in that case that the subject involved in that part of the amendment designated as Vernon's Ann.Civ.St. art. 1434a, Section 1–a was wholly foreign to the subject to which Sections 1 and 2 were germane and to the caption of the amendatory act which recited the amendment to be "An act amending Sections 1 and 2" of the original enactment. Since Section 1–a dealt with an entirely different subject than Sections 1 and 2, it was held that Section 1–a of the amendatory act was wholly void.

To be sure, Articles 754a, T.P.C., and Article 4551a, R.C.S., in their entirety dealt with one, and only one, subject, i.e., defining the practice of dentistry. The amendatory act here in question is germane to the subject and the caption fully discloses that the amendment provided for a further defining of the practice of dentistry by adding a new subdivision to the existing laws on that subject.

In San Antonio & A. P. Ry. Co. v. State, Tex.Com.App., 128 Tex. 33, 95 S.W.2d 680, 688, it is said:

"That no bill (except appropriation bills) shall contain more than one subject which shall be expressed in the title is the plain command of section 35, art. 3, of the Constitution. But the title is not required to be as full as the act itself or set forth the details by which the object of the enactment is to be attained. 39 Tex.Jur. p. 96, § 45. The generality of the title is no objection to it so long as it is not made a cover to legislation which by no fair intendment can be considered as having a necessary or proper connection."

In Watts v. State, 61 Tex.Cr.R. 364, 135 S.W. 585, the Terrell Election Law, V.A.T.S. Election Code, art. 1.01 et seq. was attacked as being unconstitutional for the reason that it embraced more than one subject and was invalid because it was too general. The Act read as follows:

"An Act to regulate elections and to provide penalties for its violation." Acts 1905, 1st Called Sess. c. 11.

The court, in holding the law was not unconstitutional as containing matter not

within the title, quoted with approval Judge Cooley (Constitutional Limitations, p. 172) where he said:

"The generality of a title is no objection to an act, so long as it is not made a cover to legislation incongruous in itself, and which, by no fair intendment, can be considered as having a necessary or proper connection. The Legislature must determine for itself how broad and comprehensive shall be the object of a statute, and how much particularity shall be employed in the title defining it. * * *"

We therefore overrule appellant's contention that Subsec. (5) of Article 754a, T.P.C. is void.

Finding no error in this record, we therefore affirm the judgment of the trial court in refusing to grant the temporary injunction.

Affirmed.