

# NUMBER 13-23-00087-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARCO A. CANTU,** **Appellant,**

**v.**

**J. MICHAEL MOORE,** **Appellee.**

---

## ON APPEAL FROM THE 92ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Tijerina**

By five issues, appellant Marco A. Cantu challenges the trial court's first amended

permanent injunction enjoining him

> from seeking to relitigate [an] alleged *2008 Pay for Perjury Scheme* or seek
> the disqualification of the Hidalgo County District Attorney, and/or seek to
> have appointed an attorney pro tem or empanel a grand jury to prosecute
> J. Michael Moore, Carlos Guerra, David Lumber or any other individual,
> based upon any allegations relating to the events or proceedings

concerning the alleged *2008 Pay for Perjury Scheme* and the factual matters related thereto, which form the basis of Mark Cantu/Roxanne Cantu['s] claims therein.

Specifically, appellant contends that the trial court lacks jurisdiction for a variety of reasons. We affirm.

## I. BACKGROUND

Cantu has been filing suits in several Texas counties for many years regarding former Hidalgo County District Attorney Ricardo Rodriguez Jr. and others, including Moore. *See Rodriguez v. Cantu*, 581 S.W.3d 859, 863 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.) (explaining how Cantu had previously intervened in a case involving his wife and sought to disqualify Rodriguez based on alleged official misconduct, and sought the appointment of an attorney pro tem); *Cantu v. Guerra & Moore, Ltd. LLP*, 328 S.W.3d 1, 4 (Tex. App.—San Antonio 2009, no pet.) (setting out that "Cantu filed a third-party plaintiff's original petition, alleging claims for breach of fiduciary duty and fraud against RG & B," a law firm owned by several lawyers and involving Moore). In 2008, Cantu sued Moore alleging that Moore "conspired to defraud him of the legal fees he earned in" a wrongful death suit that he claims is interrelated to his lawsuit against RG & B. *Cantu v. Guerra & Moore, LLP*, 448 S.W.3d 485, 487 (Tex. App.—San Antonio 2014, pet. denied); *Cantu v. Guerra & Moore, Ltd. LLP*, 328 S.W.3d 1, 7 (Tex. App.—San Antonio 2009, no pet.). That cause is not before this Court in this appeal.

Subsequently, after filing and dismissing petitions for a Rule 202 pre-suit deposition of Rodriguez in several courts, Cantu filed a Rule 202 petition in the 275th District Court in Hidalgo County, Texas. *In re Moore*, No. 13-19-00551-CV, 2019 WL

2

6905837, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 19, 2019, orig. proceeding) (mem. op.) (*In re Moore I*). The Honorable Marla Cuellar of the 275th District Court transferred the cause by consent on September 17, 2019, to the 93rd District Court. Cantu filed his first amended petition on September 18, 2019, asserting that Rodriguez had "refused to prosecute" Moore and others, and that Cantu "believe[d] that failure to prosecute w[as] the result of improper contacts." Cantu requested "that the Hidalgo County District Attorney's Office be disqualified and that a special prosecutor be appointed" or in the alternative that "a court of inquiry be appointed." The judge of the 93rd District Court, the Honorable Fernando Mancias, set a hearing for Cantu's "Request for Temporary Restraining Order and Hearing on Motion to Disqualify Hidalgo County District Attorney and Hearing Under Court of Inquiry under 52.01." On September 26, 2019, Judge Mancias signed an "Order to Disqualify" the Hidalgo County District Attorney and stated that he would "appoint an Attorney Pro Tem."

On October 8, 2019, Moore intervened in the cause and filed a "Motion to Transfer from Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules and Art. 52.01" asserting "that he was an interested party with a justiciable interest in the subject matter of the allegations in the suit because 'he is one of the subjects of [Cantu's] request to initiate a criminal prosecution.'" *Id.* Moore claimed that he was an interested party because the deposition concerned Cantu's pursuit "to have six (6) Hidalgo County licensed attorney[s] indicted."[1] *Id.* Moore alleged "that Cantu had engaged in forum

---

[1] In his plea in intervention, Moore stated:

> By way of background, a disbarred attorney, Marco A. Cantu a/k/a Mark Cantu and his Wife, Roxanne Cantu a/k/a Roxana Cantu have filed six (6) Rule 202 Petitions, [first filing in the 92nd district court on July 25, 2017,] utilizing the resources of eight (8) different

3

shopping and requested transfer of the case from the 93rd District Court to the 92nd District Court." *Id.* Moore argued that the 93rd District Court lacked probable cause to initiate a court of inquiry and failed to follow the procedures as provided in Article 52.01 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 52.01 (setting out the steps a district judge can take "to commence a Court of inquiry" when there is "probable cause to believe that an offense has been committed against the laws of this [S]tate"); *In re Smith*, 366 S.W.3d 268, 270 (Tex. App.—Tyler 2012, orig. proceeding) ("It is not unusual for a private citizen to request a district judge to convene a court of inquiry.").

> This motion sought transfer of the case from the 93rd District Court "back to the first filed court," the 92nd District Court, because the case "was improperly transferred" to the 93rd District Court in violation of Rule 1.1 of the Hidalgo County Local Rules. [Moore] argued that the Local Rules provided that: "[o]n being filed, a case shall be assigned randomly to the docket of one of the District Courts with civil jurisdiction," and "[o]nce assigned to a court, a case will remain on the docket of that court for all purposes unless transferred as provided by these rules." [Moore] contended that Cantu's "unlawful forum shopping" had resulted in the case's transfer to the 93rd District Court.

*In re Moore I*, 2019 WL 6905837, at *1.

Judge Mancias then referred the case to the Honorable Mario Ramirez Jr., the Local Administrative Presiding Judge for Hidalgo County.[2]

---

Hidalgo County District Courts for the sole purpose of forum shopping. In each Rule 202 Petition, the relief sought is to take the deposition of an attorney employed by the Hidalgo County District Attorney's office including the District Attorney Ricardo Rodriguez, and ultimately have the Hidalgo County District Attorney's Office disqualified and appointment of an Attorney Pro Tem to investigate and criminally prosecute Intervenor and four (4) other Hidalgo County attorneys.

[2] Cantu's wife filed causes of action against Rodriguez in the 92nd, 139th, 370th, and 430th District Courts, which were eventually dismissed; while Cantu filed causes of action against Rodriguez in the 464th, 206th, 275th, and finally the 93rd District Courts. All of these claims relate to Cantu's underlying complaint

4

After learning of Moore's intervention in the matter, on October 8, 2019, Cantu left a voicemail with the Hidalgo County court system stating that Judge Ramirez "better" call Cantu "because [Cantu was] going to call the FBI and tell the FBI what the hell [Judge Ramirez is] doing as the Presiding Judge of the 332nd getting involved with helping your friend Carlos Guerra and Michael Moore." Cantu said, "You better call me and you better straighten it out and if I were you I would not sign any orders and if you signed some order, I would rescind them immediately. Thank you."

> On October 9, 2019, the Honorable Mario Ramirez Jr., the Local Administrative Presiding Judge [of the 93rd District Court], signed an "Order of Referral and Recusal on Judge's Own Motion." The order stated that, after having "reviewed [Moore's] Plea in Intervention and Motion to Transfer From Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules and Art. 52.0 and the Motion to Transfer From Improper Court Pursuant to Rule 1.2.7. Hidalgo County Local Rules," Judge Ramirez found it "necessary" to recuse himself. This order recused Judge Ramirez and "referred this cause" to the Presiding Judge of the Fifth Administrative Judicial Region "for assignment of a judge to preside in this cause."

*Id.* at *1–2. Judge Ramirez reported Cantu's message to the Texas Rangers.[3]

On October 9, 2019, the Honorable Missy Medary, Presiding Judge of the Fifth Administrative Judicial Region, assigned Senior Judge J. Manuel Bañales to the 93rd District Court "for the limited purpose of determining [Moore's] Motion to Transfer From Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules, Plea in Intervention and Motion to Strike Plea in Intervention and Motion for Sanctions and Response to Motion to Transfer." *Id.* at *2. Cantu filed "Plaintiff's Objection to Appointment of Visiting

---

that the district attorney has allegedly ignored criminal offenses committed by Moore and others.

[3] Cantu was thereafter arrested for the offenses of coercion of a public servant and improper influence. *See* TEX. PENAL CODE ANN. §§ 36.03, 36.04.

Presiding Judge" in Judge Bañales's court, and Judge Bañales set a hearing to address the objection. *Id.*

"Nevertheless, [on October 15, 2019,] [Judge] Mancias . . . began presiding over the case and struck Moore's plea in intervention." *In re Moore*, No. 13-21-00004-CV, 2021 WL 717613, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 24, 2021, orig. proceeding) (mem. op.) (*In re Moore II*).

> On October 21, 2019, Judge Medary assigned the Honorable Rogelio Valdez to the case. The language of the order assigning Judge Valdez mirrors that of the assignment to Judge Bañales. It specifically provides that Judge Valdez is assigned to preside in the case for "the limited purpose" of determining the "Motion to Transfer From Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules, Plea in Intervention and Motion to Strike Plea in Intervention and Motion for Sanctions and Response to Motion to Transfer."

*In re Moore I*, 2019 WL 6905837, at *3.

"Moore filed an original proceeding in this Court contending that Judge Mancias abused his discretion by issuing orders in the case after Judge Medary assigned Judge Valdez to the case." *In re Moore II*, 2021 WL 717613, at *1. On December 19, 2019, "[w]e concluded that Judge Mancias abused his discretion and conditionally granted the petition for writ of mandamus." *Id.* (citing *In re Moore I*, 2019 WL 6905837, at *5–7). "We directed Judge Mancias to vacate his order of October 18, 2019, striking Moore's petition for intervention and all other orders that he had issued in this case." *Id.* (citing *In re Moore I*, 2019 WL 6905837, at *7). On June 16, 2020, Moore filed a supplemental plea in intervention and a motion to transfer from an improper court explaining that Judge Mancias had vacated his October 18, 2019 order striking Moore's plea in intervention and other orders made after Judge Medary assigned Judge Valdez to the case.

6

Judge Valdez held a hearing on Moore's motion on November 19, 2020, and found that Cantu had engaged in forum shopping and ordered that Cantu's causes of action be consolidated and heard in the 92nd District Court. Judge Valdez's order signed on December 1, 2020, states that Cantu "by and through his name and in the name of his wife . . . engaged in 'forum shopping' by filing and, in some cases, requesting the transfer of [several] cases in the" Hidalgo County District Courts. Judge Valdez found that Cantu had "subverted the random assignment of cases which 'breeds disrespect for and threatens the integrity of our judicial system' in violation of" Local Rule 1.1, "and that pursuant to Rule 1.2.7," the first filed case in the matter had been randomly assigned to the 92nd District Court. Judge Valdez stated, "all other cases that have been filed" by Cantu and his wife are in "'Improper' Courts' as defined by the [L]ocal [R]ules," and Judge Valdez transferred "any and all other proceedings" to the 92nd District Court. Judge Valdez ordered that any other cases filed by Cantu or his wife "that arise from the same transaction, occurrence or same or similar common nucleus of operative facts shall be transferred to the 92nd" District Court "for any further proceedings." Judge Valdez deferred "any ruling on Cantu's motion to strike Moore's plea in intervention and motion for sanctions to the 92nd District Court."

> [O]n December 16, 2020, Judge Mancias and the Honorable Luis M. Singleterry, Presiding Judge of the 92nd District Court, signed an "Order of Transfer" in this case which states merely that "by agreement of the District Judges of Hidalgo County, Texas, and under the Local Rules of Hidalgo County, the above-styled and enumerated cause is hereby transferred to the 93rd District Court." This order thus transferred the case from the 92nd District Court, with Judge Singleterry presiding, back to the 93rd District Court, with Judge Mancias presiding. Based on the record, the "Order of Transfer" appears to have been entered without notice or hearing.

7

*In re Moore II*, 2021 WL 717613, at *3. Moore then filed a petition for writ of mandamus with our Court. *See id.* Moore argued mandamus should issue "to prevent Judge Mancias from nullifying the ruling made by [Judge Valdez], where [Judge Valdez] had removed Judge Mancias from considering the matters properly transferred by [Judge Valdez] to the first filed Court." *Id.* Moore requested that this Court compel "Judge Mancias 'to vacate his ex parte Order of Transfer of December 16, 2020, transferring this case to himself.'" *Id.* Real parties in interest Rodriguez and former Assistant District Attorney Juan L. Villescas filed a response to Moore's petition for writ of mandamus agreeing "that Judge Mancias abused his discretion by ordering the case transferred back to the 93rd District Court after Judge Valdez ordered the case to be heard in the 92nd District Court due to allegations of forum shopping." *Id.* Cantu filed a response "asserting that Moore ha[d] not met his burden to obtain relief." *Id.*

We explained that, although the Local Rules allow a court to transfer a case to another court by agreement, "the Local Rules prevent cases from being heard in an 'Improper Court' and provide that '[i]f a case is on the docket of a court by any manner other than as prescribed by these rules, the Presiding Judge shall transfer the case to the proper court.'" *Id.* at *7. Therefore, we held that, given Judge Valdez's findings that Cantu had engaged in forum shopping and that the 93rd District Court was an improper court, "the case could not be transferred back to the 93rd District Court." *Id.* We stated, "The transfer order circumvents the random assignment of cases, conflicts with the Local Rules regarding 'Improper Courts,' and directly conflicts with Judge Valdez's order." *Id.* We concluded that Moore met his burden to obtain mandamus relief and that the transfer

8

order signed by Judge Mancias and Judge Singleterry violated the Local Rules and Judge Valdez's transfer order; therefore, we conditionally granted Moore's petition for writ of mandamus and directed that the transfer order be withdrawn. *Id.* at *11.

On December 29, 2020, Moore filed a motion in the 92nd District Court to enforce Judge Valdez's transfer order and for a ruling on "Issues Specially Assigned to the Court Pursuant to the Assignment by" Judge Medary. Moore asked Judge Valdez to enforce his transfer order, to rule on Cantu's motion to strike Moore's petition for intervention, and to sanction Cantu.

Cantu filed a second amended emergency motion to strike Moore's plea in intervention in the 92nd District Court on June 11, 2021, and on June 16, 2021, Moore filed his second supplement to his plea in intervention and a petition for declaratory relief. On June 18, 2021, Moore filed a motion for traditional and no evidence summary judgment. On October 19, 2021, Judge Medary assigned the cause to Judge Valdez, as Senior Justice of the 92nd District Court. Cantu filed his objection, pursuant to § 74.053 of the Texas Government Code, to the assignment of Judge Valdez.

On December 7, 2021, Cantu filed a petition for writ of mandamus with this Court asserting that Judge Valdez had "erred in continuing to preside over" the cause "after Cantu filed an objection to" his assignment. *See In re Cantu*, No. 13-21-00430-CV, 2021 WL 6067348, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 22, 2021, orig. proceeding) (mem. op.). We denied mandamus relief. *See id.* On July 20, 2022, Cantu filed a notice of non-suit without prejudice as to Rodriguez, which Judge Valdez granted on July 21, 2022.

9

On October 28, 2022, Judge Valdez signed an order granting Moore's motion for traditional and no evidence summary judgment. Judge Valdez ordered

> that all of the claims asserted by [Cantu], or those in active concert with [Cantu] or his wife, against [Moore] . . . are hereby dismissed with prejudice to the right to relitigate same or to seek disqualification of the Hidalgo County District Attorney, and/or to seek to have appointed an attorney pro tem or empanel a grand jury to prosecute [Moore], Carlos Guerra, or David Lumber, based upon any allegations relating to the events or proceedings concerning the factual matters forming the basis of [Cantu's] claims herein.

On February 7, 2023, Judge Valdez signed a temporary restraining order prohibiting Cantu, "or those in active concert with [Cantu], including Starr County District Attorney, Gocha Allen Ramirez, from presenting any matter to the Starr County Grand Jury on February 10, 2023, or any other date, or re-filing any subsequent Rule 202 Petition" that involved any of the matters brought in Cantu's suit against Rodriguez and "from relitigating any issue associated with [any causes of action] seeking to indict [Moore] regarding [any related] claims."

On February 23, 2023, Judge Valdez signed an amended permanent injunction after holding a hearing. The injunction prohibits Cantu "and those in active concert with [him], including, but not limited to, his wife" from "seeking to relitigate the alleged *2008 Pay for Perjury Scheme* or seek disqualification of the Hidalgo County District Attorney, and/or seek [appointment of] an attorney pro tem or empanel a grand jury to prosecute [Moore] . . . or any other individual, based upon allegations relating to the events or proceedings concerning the alleged *2008 Pay for Perjury Scheme*" or anything related to that matter. Judge Valdez enjoined Cantu "from filing any further cases, proceedings, lawsuits or Rule 202 proceedings related to the alleged *2008 Pay for Perjury Scheme*"

10

and "from presenting any matters to any governmental agency or investigative body or **GRAND JURY**, concerning" all matters related to those claims. Finally, the injunction prohibits Cantu and his surrogates "from presenting, or attempting to present witnesses, evidence, exhibits, affidavits, or testimony or otherwise participating in any **GRAND JURY** proceedings within the State of Texas, relating to the purported *2008 Pay for Perjury Scheme.*" This appeal followed.

## II.     JUDGE MEDARY'S JURISDICTION

By his first, second, and third issues, Cantu contends that Judge Medary lacked jurisdiction to assign the case to Judge Valdez because, though "Hidalgo County Local Rule 1.2.7 allows the local presiding judge to send a case back to the proper court, which was the 92nd District Court," "the Local Rules do not provide for assignment of the case to the local presiding judge, nor for the bypass of the judge of the 92nd District Court to hear the case." Further, according to Cantu, pursuant to Local Rule 1.2.7, "Judge Ramirez had no jurisdiction to hear the case nor to recuse himself nor refer the case to the regional administrative judge presiding for assignment of a visiting judge." Therefore, Cantu argues that "the Order of Assignment of Judge Ba[ñ]ales dated October 9, 2019[,] and the Order of Assignment of Judge [Valdez] dated October 21, 2019[,] are void, as they are based on the void order of referral entered by Judge Ramirez." Finally, Cantu alleges that "all of Judge Valdez's orders are void."

First, Cantu states that pursuant to Local Rule 1.2.7, Judge Ramirez only had jurisdiction to transfer the cause to the proper court, which was the 92nd District Court. Thus, Cantu does not necessarily challenge Judge Ramirez's involvement in the cause.

11

Instead, Cantu makes the perplexing argument that Judge Ramirez lacked jurisdiction to recuse but had jurisdiction to transfer a case that was pending in the 93rd District Court to the 92nd District Court.[4]

A judge that recuses sua sponte "shall enter a recusal order, request the presiding judge of that administrative judicial region to assign another judge to sit, and take no further action in the case except for good cause stated in the" recusal order. TEX. GOV'T CODE ANN. § 24.002. Here, Judge Ramirez recused himself from the case after reporting Cantu's threat against him to law enforcement. As a result of Cantu's threat, Judge Ramirez was unable to address whether to transfer the case to the 92nd District Court. *See* TEX. R. CIV. P. 18b(b)(1) (providing that a judge must recuse in any proceeding if his "impartiality might reasonably be questioned"); *Dunn v. County of Dallas*, 794 S.W.2d 560, 562 (Tex. App.—Dallas 1990, no writ) (explaining that Rule 18b "authorizes a voluntary recusal"); *see also* TEX. GOV'T CODE ANN. § 24.002 (allowing a judge to recuse on his own motion). Judge Ramirez entered a recusal order and properly requested that Judge Medary assign another judge to preside. *See* TEX. R. CIV. P. 18b(b)(1). Pursuant to the rule, Judge Ramirez could not take any further action on the case, including signing a transfer order, as Cantu argues he should have done. *See id.*; *Ex parte Thuesen*, 546 S.W.3d 145, 152 (Tex. Crim. App. 2017) ("[O]nce a district judge signs an order recusing himself or herself under the statute, the recused judge no longer has any judicial authority to take any action or sign any orders in the case.").

---

[4] We note that Cantu previously argued to keep the cause in the 93rd District Court, and he did not request that the case be transferred to the 92nd District Court pursuant to Rule 1.2.7 at any time while this cause has been pending below.

"Rule 18a additionally provides that, when a recusal is granted, the presiding judge of the administrative judicial region 'must transfer the case to another court or assign another judge to the case.'" *Ex parte Thuesen*, 546 S.W.3d at 152. The granting of a recusal is final and is not an appealable order. *Id.* We explained the procedure in our previous memorandum opinion wherein Moore complained that Judge Mancias lacked authority in the cause because Judge Medary had assigned the case to Judge Valdez. In that case we stated:

> Under Rule 18a(f), the regional presiding judge had the authority to assign a judge to rule. Rule 18a offers no third option whereby a judge other than the regional presiding judge can handle matters following recusal. Stated otherwise, Rule 18a "expressly confers the authority to reassign a case following a recusal to the regional presiding judge of the administrative judicial district." We note that the language of Rule 18a is "mandatory."

> After the recusal, Judge Medary, acting in accordance with Rule 18a as the regional presiding judge, assigned two different judges to rule on the referred matters. We examine the terms of the orders of assignment to determine the extent of the assigned judges' authority and when that authority terminated. Here, both the original assignment order to Judge Bañales on October 9, 2019, and the subsequent assignment order to Judge Valdez on October 21, 2019, contain language specifically assigning them to "preside in Cause Number C-4003-19-B styled Marco Cantu, (Petitioner), J. Michael Moore, (Intervenor) vs. Hidalgo County District Attorney Ricardo Rodriguez (Respondent) for the limited purpose of determining the Motion to Transfer From Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules, Plea in Intervention and Motion to Strike Plea in Intervention and Motion for Sanctions and Response to Motion to Transfer." As stated previously, the record indicates that Cantu objected to Judge Bañales's assignment, and thus his disqualification was automatic, and Judge Medary then assigned those same specified matters to Judge Valdez.

*In re Moore I*, 2019 WL 6905837, at *6.

Hidalgo County Local Rule 1.2.7 states that "[i]f a case is on the docket of a court by any manner other than as prescribed by these rules, the [Local] Presiding

13

[Administrative] Judge shall transfer the case to the proper court." Cantu cites no authority, and we find none, indicating that pursuant this rule, Judge Ramirez lacked jurisdiction to recuse himself. Additionally, Cantu raises a jurisdictional argument; however, he complains of a Local Rule, which has been adopted for administrative purposes and cannot trump "or supplant" state or federal law. *See* TEX. R. CIV. P. 3a (providing that the trial courts and administrative judicial regions can make and amend local rules and stating the local rules "may not be inconsistent with state or federal law or rules adopted by the Supreme Court of Texas"); *see also Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd) (recognizing the authority of district judges to adopt rules governing the administration of multiple district courts); *Bazan v. State*, No. 13-08-00169-CR, 2010 WL 596832, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (refusing "to construe the local rules of administration . . . in such a way that they divest the trial court of its constitutionally-created authority"). Hidalgo County Local Rule 1.2.7 does not address recusal. *See* Hidalgo County Local Rule 1.2.7. Accordingly, we overrule Cantu's first through third issues.[5]

### III.    JUDGE VALDEZ'S PLENARY POWER

Next, by his fourth issue, Cantu argues that "[a]ll acts which occurred after November 27, 2022[,] are void for want of jurisdiction, as the plenary power of the trial court expired [thirty] days after entry of the order granting traditional and no-evidence

---

[5] Cantu additionally argues, without citation to appropriate authority or legal analysis, that Judge Singleterry had "never recused himself prior to the assignment" of Judge Valdez on October 19, 2021. *See* TEX. R. APP. P. 38.1(i). We conclude this argument is inadequately briefed. *See id.*

14

motions for summary judgment on October 28, 2022." Cantu specifically challenges Judge Valdez's amended permanent injunction.

Here, as acknowledged by Cantu, Moore filed an application for a temporary and permanent injunction to prevent Cantu from violating Judge Valdez's December 1, 2020 order transferring the case to the 92nd District Court and October 28, 2022 summary judgment. "A trial court has the power to enforce its judgments even after its plenary power has expired," which includes enjoining "proceedings in other courts when their prosecution will delay, obstruct, or otherwise interfere with the proper enforcement of its judgment." *Rapid Settlements, Ltd. v. Symetra Life Ins.*, 234 S.W.3d 788, 795 (Tex. App.—Tyler 2007, no pet.) (explaining that although the trial court's plenary power had expired, "the trial court still retained power to enjoin interference with its order"); *see also Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 581 (Tex. 2018) ("Unlike plenary power, which generally only lasts for thirty days after final judgment, a trial court's post-judgment enforcement powers 'can last until the judgment is satisfied.'"). Thus, Judge Valdez had jurisdiction to enforce his judgment. *See Rapid Settlements, Ltd.*, 234 S.W.3d at 795; *see also Alexander*, 540 S.W.3d at 581. We overrule Cantu's fourth issue.

## IV.    THE PERMANENT INJUNCTION

By his fifth issue, Cantu contends that "the trial court abused its discretion in allowing a court of equity to enjoin the prosecution of a criminal case, as a court of equity does not have jurisdiction to do so." Cantu asserts that "Moore, with the aid of the trial court, is circumventing the criminal judicial process, with the hope that his obstructive and

dilatory actions improperly and fundamentally bypass the criminal procedure in the [S]tate." Cantu claims that Judge Valdez abused his discretion by restraining the Starr County District Attorney from prosecuting Moore and that to be entitled to such relief, "Moore was required to demonstrate that the possible criminal statute involved here, i.e., fraud, theft, conspiracy and aggravated perjury, are unconstitutional, and that he would suffer irreparable injury to vested property rights."

Cantu cites *State ex rel. Flowers v. Woodruff*, a case that supports his argument that a trial court is without authority to enjoin a prosecuting attorney from prosecuting a case against a private individual unless the law is unconstitutional. *See* 200 S.W.2d 178, 181 (Tex. Crim. App. 1947). Moore concedes that to enjoin a district attorney from charging a person with a crime, the person must prove that the law is unconstitutional. *See id.* Moore agrees that the temporary restraining order that enjoined the Starr County District Attorney from pursuing criminal charges against him was an abuse of discretion. *See id.* However, the temporary restraining order was dissolved by modification in Judge Valdez's permanent injunction, and the permanent injunction does not enjoin any district attorney from prosecuting a case. In his brief, Cantu does not discuss the dissolution of the temporary restraining order or how this impacts his appellate argument. *See* TEX. R. APP. P. 38.1(i).

Nonetheless, to the extent that Cantu argues that the permanent injunction runs afoul of *Flowers*, as previously stated, the permanent injunction does not enjoin any prosecuting attorney from prosecuting a case against Moore or any other private individual. *See* 200 S.W.2d at 178, 181. Therefore, *Flowers* does not apply in this case,

16

and Cantu makes no other argument to support a conclusion that Judge Valdez abused

his discretion. *See id.* We overrule Cantu's fifth issue.

**V.    CONCLUSION**

We affirm the trial court's judgment.[6]

JAIME TIJERINA
Justice

Delivered and filed on the
12th day of December, 2024.

---

[6] We note that acting pro se, Cantu filed a letter with our Court stating that he "will be meeting with Federal Bureau of Investigations Agents in their Houston Office to show and share with them" evidence against Moore and that he is "willing to take responsibility for any sanctions that the court will issue against [him] for violating [the] temporary orders."