KEMP HOTEL OPERATING COMPANY ET AL V. CITY OF WICHITA FALLS ET AL.

No. 8038. Decided March 31, 1943.
Rehearing overruled April 28, 1943.
(170 S. W. 2d Series, 217.)

*Bert King, Harold Jones, John Davenport,* and *Sam B. Spence,* all of Wichita Falls, for petitioners.

It was error for the Court of Civil Appeals to hold that Green was not granted a franchise. Leonard v. Baylen St. Wharf Co., 59 Fla. 547, 52 So. 718; 23 Am. Jur. 33; 26 C. J. 1020.

*Thelbert Martin, Leslie Humphrey, T. A. Hicks, H. W. Fill-more* and *B. D. Martin,* all of Wichita Falls, for respondent.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The petitioners are in two groups. One group will be referred to collectively as restaurant keepers and the other group as garbage haulers. As plaintiffs they all joined in an action in the trial court seeking to enjoin the law enforcement officers of the City of Wichita Falls from arresting or molesting them and seeking to enjoin respondent L. B. Green from coming upon their premises or in any way interfering with their business.

The theory upon which the suit was brought and prosecuted was that a certain ordinance of the City of Wichita Falls providing for gathering and disposing of garbage was void and for that reason prosecution could not be based thereon. The trial court granted the injunction as prayed for, decreeing that the ordinance was void and enjoining the officers of the city from arresting any of the plaintiffs for any violation of the ordinance or any part thereof, and further enjoining L. B. Green, with whom the city had contracted for the removal of garbage, from interfering in any way with the food products of the plaintiffs or from going upon the premises of the plaintiffs. Upon appeal the judgment of the trial court was reversed and judgment was rendered dissolving the writ of injunction and upholding the validity of the ordinance. 162 S. W. (2d) 150.

The petition attacked the ordinance upon many grounds but, under our view of the applicable principles of law, they need not be recited. The City of Wichita Falls is a home rule city operating under R. C. S., Title 28, Chap. 13, Arts. 1165 et seq. Section 121 of its charter prescribes the requisite steps to be taken for the granting of a public utility franchise and those steps were admittedly not taken in the enactment of the ordinance in question. It appears that the requisite steps for the enactment of ordinances generally were taken, but not the special steps prescribed by Sec. 121. It is stated in the briefs that the trial court condemned the ordinance as a whole on the ground that same granted such a franchise to L. B. Green and the principal question considered in the opinion of the Court of Civil Appeals was whether or not that conclusion was correct. The petition did not allege that a franchise was granted; neither did it refer to a franchise or to the provisions of Section 121. But we need not take notice of this apparent defect in the pleadings, because the question is not raised and further, because our opinion will rest upon another ground. One of the principal grounds urged by the respondents in the Court of Civil Appeals for the reversal of the trial court's judgment was that no vested property rights of the plaintiffs were involved, and that they were therefore without authority to maintain the action. Our opinion will rest upon that ground.

The ordinance in question is No. 1326 and the amendment thereof is No. 1332. Ordinance No. 1326 was passed and approved on July 21, 1941, and ordinance No. 1332 was passed and approved on November 3, 1941. Such ordinance, as amended, is a comprehensive ordinance relating to the general subject of gathering and disposing of garbage within the City of Wichita

Falls. It requires occupants of residences and other buildings to provide garbage cans and receptacles for refuse and rubbish, specifying the kinds of receptacles required. It defines wet and dry garbage. It divides the City of Wichita Falls into zones and fixes charges for the collection and disposal of trash and garbage in such zones, having varying rates for varying types of buildings. It provides that:

"The Board of Aldermen may enter into a contract with some suitable person or persons, firm or corporation, for the removal and disposal of said garbage and refuse, and such contract to continue in force for a period of not less than five years, provided such contractor or garbage collector shall furnish a good and sufficient bond of not less than Fifteen Thousand Dollars ($15,000.00) by a good and solvent surety company, conditioned for the faithful performance of such contract and all the requirements of this ordinance."

It then provides that any person or persons, firm or corporation to whom such contract is let shall provide twelve trucks, to be equipped from a sanitary viewpoint with the most modern and standardized bodies particularly suited to the business. It further provides that such contractor shall assume all responsibility of the city as to dump ground. It repeals all ordinances and parts of ordinances in conflict therewith and further provides that, should any section, paragraph, sentence, clause or phrase thereof be declared unconstitutional or invalid for any reason, the remainder of said ordinance shall not be affected thereby. It did not grant or undertake to grant any character of franchise to anyone. Said ordinance makes it unlawful for any person, other than the garbage collector defined and authorized by the act, to collect or haul garbage within the City of Wichita Falls. It also makes it unlawful for any occupant of a building to fail to provide the garbage cans required by the ordinance and prescribes the penalty for the violation of any of the provisions of the ordinance. In short, the ordinance is penal in its nature and the action is to enjoin the enforcement of a penal ordinance.

■ As a general rule, courts of equity will not enjoin a criminal proceeding. It is the function of courts of law created for the purpose of trying criminal cases to pass upon the validity of criminal statute or ordinances. Courts of equity may be resorted to for the purpose of enjoining the enforcement of a criminal statute or ordinance only when same is void and when its enforcement invades a vested property right of the complaint. City of Ausin v. Austin City Cemetery Association, 87

Texas 330, 28 S. W. 529, 47 Am. St. Rep. 114; Ex parte Sterling, 122 Texas 108, 53 S. W. (2d) 294; Neiman-Marcus Co. v. City of Houston, 109 S. W. (2d) 543 (error refused). From the opinion in the case of Ex parte Sterling, supra, we quote the well established rule governing in action of this nature:

"Under the well-established rules of equity jurisprudence, it is clear that the district judge was without authority to issue the writ of injunction to prevent the enforcement of the law regulating the operation of motortrucks upon the highways of this state unless the petition for such injunction clearly showed the existence of two facts, viz.: First, that such law is unconstitutional and void; second, that its enforcement constitutes a direct invasion of a vested property right of the complainants. Davis & Farnum Mfg. Co. v. City of Los Angeles, 189 U. S. 207, 23 Sup. Ct. 498, 499, 47 L. Ed. 778; In re Sawyer, 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402; Box v. Newsom (Tex. Civ. App.) 43 S. W. (2d) 981."

■ It is clear that the garbage haulers, as such, have no vested property rights in the subject matter of this ordinance sufficient to authorize them to join in this action. It is disclosed by the agreed statement of facts that they formerly had licenses to haul garbage in the City of Wichita Falls, but that all such licenses expired on March 31, 1941, prior to the enactment of the ordinance in question, and were not thereafter renewed by the city. The ordinance under review did not affect their property rights because had there been no ordinance they would have had no right to haul garbage in Wichita Falls.

Further, if in any of its provisions the ordinance is invalid, a question which we need not decide, it certainly is not invalid in the provision making it unlawful for any person, not authorized by the city so to do, to haul garbage within the city limits, and prescribing a penalty therefor. From this it follows that, if it should be held, as contended for by petitioners, that the ordinance, when taken in connection with the contract with Green, granted a franchise, it would still be unlawful for these haulers to engage in the business of hauling garbage within the city. Under no view could it be said, in our opinion, that they have any vested property rights in the business of hauling garbage in the City of Wichita Falls.

We are also well convinced that the restaurant keepers have no vested property rights which have been or will be invaded by the enforcement of this ordinance. Discarded food is actually or potentially a nuisance. The fact that it is discarded establishes that it has no further value as food for human consumption.

Under the provision of the ordinance referred to in the next preceding paragraph, these restaurant keepers cannot lawfully haul or employ others to haul their garbage over the streets of Wichita Falls. If they cannot dispose of it, it has no commercial value for any purpose.

■  Aside from this, it is well settled that, even if garbage has some value, it is not such value as will be recognized by the courts at the expense of the public health. The rule which seems to be applied generally is thus stated in 37 Am. Jur., Municipal Corporations, Sec. 301, and in a copious note in 15 A. L. R., page 301:

"In spite of the fact that garbage, after it has been discarded as food for human consumption, has a certain value for other purposes, such as food for hogs or for rendering purposes, its value for such purposes is so slight, as compared with the danger to the public health if the owner is allowed to dispose of it without restriction, that the courts have unanimously held that a requirement of the destruction of garbage cannot be regarded as a taking of private property for public use without compensation."

In the case of Gardner v. Michigan, 199 U. S. 325, 26 Sup. Ct. 106, 50 L. Ed. 212, Mr. Justice Harlan, in dealing with this subject, raised the question of whether, in fact, garbage is valuable as food for hogs.

Dillon on Municipal Corporations, 5th Ed., Vol. 2, sec. 678, reads, in part, as follows:

"The *removal and disposal of garbage*, offal, and other refuse matter is recognized as a proper subject for the existence of the power of a municipality to pass ordinances to promote the public health, comfort, and safety. The natural scope of an ordinance on this subject is confined to *discarded and rejected matter*, i.e., to such as is no longer of value to the owner for ordinary purposes of domestic consumption. If the matter in question has not been rejected or abandoned as worthless and is not offensive in any way to the public health, it does not come within the natural scope of such an ordinance. *Garbage matter and refuse* are regarded by the decisions as inherently of such a nature as to be either actual or potential nuisances. By reason of the inherrent nature of the substance, it is therefore not a valid objection to an ordinance requiring disposal in a specified manner that garbage has some value for purposes of disposal, and that the effect of the ordinance is to deprive the owner or householder of such value. That the owner suffers some loss by destruction or

removal without compensation is justified by the fact that the loss is occasioned through the exercise of the police power of the State, and the loss sustained by the individual is presumed to be compensated in the common benefit secured to the public."

If garbage has not sufficient value to support the claim that its destruction should be regarded as a taking of private property, as all the authorities agree, then it has not sufficient value to form the basis of a vested property right authorizing courts of equity to enjoin the enforcement of a penal ordinance regulating its disposal. Our conclusion is that neither the garbage haulers nor the restaurant keepers have the requisite vested property rights to enable them to maintain this suit in equity.

Petitioners assign error to the action of the Court of Civil Appeals in rendering judgment against them rather than remanding the case to the trial court. We need not discuss this assignment further than to point out that under our holding in this opinion that petitioners cannot maintain the action at all, there is no reason for remanding the case.

We therefore overrule the assignment and order that the judgment of thre Court of Civil Appeals be affirmed.

Opinion adopted by the Supreme Court March 31, 1943.

Rehearing overruled April 28, 1943.