**H. K. STECHER, Appellant,**

v.

**CITY OF HOUSTON et al., Appellees.**

No. 12760.

Court of Civil Appeals of Texas.

Galveston.

Nov. 18, 1954.

Rehearing Denied Dec. 9, 1954.

Walter S. Hart, Ira V. Hart, Al L. Crystal, Houston, for appellant.

Will G. Sears, City Atty., Robert L. Burns, Senior Asst. City Atty., Charles A. Easterling, Asst. City Atty., Houston, for appellee.

HAMBLEN, Chief Justice.

H. K. Stecher, as plaintiff, instituted this suit in the District Court of Harris County, against the City of Houston, its Chief of Police and City Attorney, and the Attorney General of Texas, seeking to enjoin the enforcement of a penal traffic ordinance of the City of Houston, and a declaratory judgment holding such ordinance to be void and unconstitutional. The named defendants in the trial court filed a special exception to the petition asserting lack of jurisdiction in the court to grant the injunctive relief sought on the ground that such relief could be granted only where a vested property right is involved. This exception was sustained by the court. Thereafter, after a hearing before the court without a jury, the trial court entered its order dismissing the cause for want of jurisdiction. In Findings of Fact and Conclusions of Law filed, the court found the ordinance in question to be a valid regulation of traffic on the public streets of the City of Houston. Plaintiff has appealed from both orders entered.

The material facts are stated in the Findings of Fact filed by the trial court, as follows:

"1. The City of Houston has enacted a code of ordinances entitled The City Code of 1942. The following sections were in effect at all times material to this suit:

" 'Section 2247 (b) Freight. It shall be unlawful for any person to part or stand

any vehicle other than a commercial vehicle in any truck loading zone between the hours of 7:00 A.M. and 6:00 P.M. No person shall park or stand any commercial vehicle in any truck loading zone between such hours except for the purpose of unloading and delivery, or pickup and loading of materials. In no case shall such stop exceed thirty minutes unless otherwise designated by appropriate signs or markings. This subsection shall not apply on Sundays or Legal holidays

" 'Section 2231. Definition of Words and Phrases. The following words and phrases, when used in this chapter, shall, for the purpose of this chapter, have the meanings respectively ascribed to them:

\*   \*   .\*·   \*   \*   \*

" 'Commercial Vehicles. A commercial vehicle is one bearing a commercial vehicle license issued by the State of Texas.

\*   \*   \*   \*   \*   \*.

"The code provides that violation of Section 2247 shall be punishable by a fine not to exceed $200.

"2. Pursuant to authority regularly vested in him by law, the Traffic Engineer of the City of Houston has designated certain truck loading zones on various portions of various public streets in the City as contemplated by Section 2247(b). These truck loading zones are marked along the curb by standard traffic signs and street markings. The evidence shows that by far the major portion of these truck zones are found to be necessary on streets of the central business district of the City of Houston.

"3. Plaintiff in this case, H. K. Stecher, is an individual doing business in Houston. He operates a business known as H. K. Stecher Stationery Service and in such business drives and operates a 1949 Dodge Sedan Passenger Automobile for purposes of delivery of supplies to persons in the office buildings of the downtown area or central business district of the City of Houston.

"4. On a number of occasions prior to the commencement of this suit, Plaintiff parked his automobile in truck loading zones on the streets between the hours of 7:00 A.M. and 6:00 P.M. On each occasion, he left his automobile parked in said truck loading zones while making a delivery to an office building. On all of the occasions of the Plaintiff's parking the automobile in the truck loading zone, the automobile did not have attached to it commercial motor vehicle license plates issued by the State of Texas through its agent, the Tax Assessor and Collector of Harris County, Texas. The Plaintiff failed to produce any evidence as to the dates and times of these occurrences.

"5. Upon some of the occasions stated above (the evidence, however, failing to show upon what dates and times) Police Officers of the City of Houston placed upon the automobile traffic violation summonses (commonly known as 'parking tickets') for violation of Section 2247(b). Thereafter, complaints concerning the violations have been filed in the Corporation Court of the City of Houston and Plaintiff required to stand trial on several occasions on these complaints. Again, the evidence does not show how many times or on what dates this has happened.

"6. In both pleading and testimony, Plaintiff admits that he has on every occasion deliberately parked the automobile in the truck zones in contravention of the terms of Section 2247(b).

"7. Other portions of the same streets are marked off for the use of passenger vehicles for parking by the control of parking meters. The truck loading zones have been established and are used for the general loading and unloading of freight being handled in the business district of Houston. The testimony shows that the truck loading zones are necessary for the free flow and expeditious handling of traffic. The truck loading zones are not metered but the ordinance prohibits their use except for the purpose of unloading and delivery, or pickup and loading of materials and in no case to exceed thirty minutes unless otherwise designated by appropriate signs and markings."

Appellant presents three points of error, attacking the order holding that the court had no jurisdiction to grant injunctive relief, the dismissal of the suit for lack of jurisdiction, and the finding that the ordinance is valid and constitutional. This Court is of the opinion that none of the stated points presents reversible error, and all must be overruled.

Appellant's first point appears to be adequately disposed of under the rule announced by the Court of Criminal Appeals of Texas in the case of State ex rel. Flowers v. Woodruff, 150 Tex.Cr.R. 255, 200 S.W.2d 178, wherein it is held that equity will not enjoin criminal proceedings or attempt to stay the hands of police officers in enforcing criminal law except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights. The same rule is stated by the Commission of Appeals of Texas in an opinion adopted by the Supreme Court in the case of Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217. Appellant neither alleged nor proved that he had a vested property right to use and occupy public streets of the City of Houston to conduct his business. Both of the cited cases are authority for the proposition that he has no such right. Similar holdings appear in City of Ballinger v. Boyd, Tex.Civ.App., 173 S.W.2d 363; Liegl v. City of San Antonio, Tex.Civ.App., 207 S.W.2d 441, and Greene v. City of San Antonio, Tex. Civ.App., 178 S.W. 6. We have been cited to no authority to the contrary.

While the trial court's action in dismissing the suit brought under the Uniform Declaratory Judgments Act does not have the precedential support that is afforded to its order sustaining the exception directed to the plea for injunctive relief, the correctness of that action appears equally clear to this Court.

The trial court's Conclusion of Law No. 1 is as follows:

"1. This suit is essentially a suit by the Plaintiff to restrain the Police Department and the City Attorney of Houston from enforcing a penal ordinance. The basic character of the suit is not changed because of the Plaintiff calling it a suit for declaratory judgment. If the Court entered such a declaratory judgment, its judgment could not be enforced except by writ of *unjunction. Since this is a court of exclusively civil jurisdiction and since Plaintiff does not have and cannot have any vested property rights in the use of the streets in the manner claimed by him, this Court is without jurisdiction to entertain this cause of action."

In the light of the well settled rule that courts will not perform useless and vain acts, the logic of the quoted conclusion is manifest. Aside however from that consideration, the following should be noted. The Uniform Declaratory Judgments Act, being Article 2524–1, Sections 1 to 16 inclusive, Vernon's Ann.Civ.St., was passed in 1943 by the 48th Legislature. At that time, it was well settled, as shown by the authorities heretofore cited, that jurisdiction to determine the validity of penal statutes and ordinances where irreparable injury to vested property rights is not involved, is vested exclusively in the criminal courts. As those authorities indicate, such rule evolved from the construction placed by the courts on Article V, Section 5, Constitution of Texas, Vernon's Ann.St.

Section 1 of Article 2524–1, V.A.C.S., provides: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *"

It must be presumed that the Legislature, in enacting this Statute, was aware of the Constitutional provision, and the construction which had been placed thereon by the courts, and that it did not intend to enact a statute conflicting therewith. This is evidenced by the express limitation of the declaratory jurisdiction to courts "within their respective jurisdictions."

In view of our conclusions with respect to appellant's Points 1 and 2, it

must of necessity follow that the trial court had no jurisdiction to make the conclusion of law whether correct or not which is the basis of complaint in appellant's third point. However, it must likewise follow that the error, if it may be so termed, is harmless in so far as appellant is concerned, and can form no basis for a reversal of the judgment, which for the reasons stated, correctly disposed of his asserted cause of action.

Judgment affirmed.