**Doug CROUCH, Criminal District Attorney of Tarrant County, Relator,**

v.

**Honorable Harold CRAIK, Judge et al., Respondents.**

**No. A–9447.**

Supreme Court of Texas.

June 12, 1963.

Rehearing Denied July 17, 1963.

**312**

Doug Crouch, Dist. Atty., Albert F. Fick, Jr., and J. E. Winters, Asst. Dist. Attys., Fort Worth, for relator.

M. Hendricks Brown, Fort Worth, for respondents.

SMITH, Justice.

Clark's Worth, Inc., and a number of its employees filed suit for injunctive relief and also for damages and for a declaratory judgment under the Uniform Declaratory Judgment Act of the State of Texas, against the Honorable Doug Crouch, individually and in his capacity as Criminal District Attorney of Tarrant County, Texas. In that suit Clark's Worth, Inc., alleged that it owned and operated a department store in the City of Fort Worth, Tarrant County, Texas, and was engaged in selling and offering for sale merchandise such as clothing; home, business and office furniture, etc.; and that it and its employees, respondents herein, were lawfully operating such business and especially were not violating any of the provisions of Articles 286 [1] and 287,[2] of Vernon's Annotated Penal Code,

---

1. "Art. 286. 302, 199, 186 Selling goods on Sunday

"Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employé of any such person, who shall sell, barter, or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than twenty nor more than fifty dollars. The term place of public amusement, shall be construed to mean circuses, theaters, variety threaters and such other amusements as are exhibited and for which an admission fee is charged; and shall also include dances at disorderly houses, low dives and places of like character, with or without fees for admission. Act Dec. 2, 1871, Acts 1883, p. 66, Acts 1887, p. 108."

2. "Art. 287. Permitting sale of certain articles on Sunday; regulations as to motion picture shows

"The preceding Article shall not apply to markets or dealers in provisions as to sales of provisions made by them before nine o'clock A.M., nor to the sales of burial or shrouding material, newspapers, ice, ice cream, milk, nor to any sending

commonly known as the "Sunday Closing Laws" of Texas, but to the contrary all operations were permitted and were in accordance with Article 286a [3] of the same Code.

Clark's Worth, Inc., et al., further alleged that Crouch and his aids and assistants have arrested, caused to be arrested falsely, imprisoned and falsely charged each of the individual respondents herein for the alleged violation of the above mentioned sections of the Penal Code of Texas.

Clark's Worth, Inc., takes the position that Articles 286 and 287, supra, were either repealed or amended by the enactment of Articles 286a, supra, by the Legislature, thus leaving no authority for the prosecution of the criminal charges against the individual respondents. Clark's Worth, Inc., et al., allege that under Section 4 [4] of Article 286a, supra, the operation of any business whether by an individual, partnership or corporation contrary to the provisions of Article 286a, supra, would constitute a public nuisance, and under the pro-

visions of Section 4, Crouch could apply to any court of competent jurisdiction for a writ of injunction restraining any violation of such Act. It appears that the respondents were taking the position that Section 4, supra, provided Crouch's only remedy.

Crouch filed an answer and motion to dismiss alleging, among other things, that the 153rd District Court, the Civil District Court wherein the suit was pending, and the Court over which the Honorable Harold Craik, District Judge, presided lacked jurisdiction to the Clark's Worth's suit and was without power to enjoin and restrain the Criminal District Attorney of Tarrant County, Texas, from enforcing the criminal laws of the State of Texas. The Court overruled the motion to dismiss and in an order dated December 10, 1962, after stating that all allegations in the Clark's Worth et al. petition were accepted as true, held that the District Attorney had a "full, adequate and complete remedy to enforce the provisions of the Act (286a), a remedy which would be fair and not oppressive to any of the parties involved."

of telegraph or telephone messages at any hour of the day or night, nor to keepers of drug stores, hotels, boarding houses, restaurants, livery stables, bath houses, or ice dealers, nor to telegraph or telephone offices, nor to sales of gasoline, or other motor fuel, nor to vehicle lubricants, nor to motion picture shows, or theatres operated in any incorporated city or town, after one o'clock P. M. * * * Acts 1925, 39th Leg., p. 347, ch. 139, § 1; Acts 1931, 42nd Leg., p. 195, ch. 116."

3. "Art. 286a. Sale of goods on both the two consecutive days of Saturday and Sunday
Prohibition of sales; items; misdemeanor
"Section 1. Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force or oblige his employees to sell any clothing; clothing accessories; wearing apparel; footwear; headwear; home, business, office or outdoor furniture; kitchenware; kitchen utensils; china; home appliances; stoves; refrigerators; air conditioners; electric fans; radios; television sets;

washing machines; driers; cameras; hardware; tools, excluding nonpower driven hand tools; jewelry; precious or semi-precious stones; silverware; watches; clocks; luggage; motor vehicles; musical instruments; recordings; toys, excluding items customarily sold as novelties and souvenirs; mattresses; bed coverings; household linens; floor coverings; lamps; draperies; blinds; curtains; mirrors; lawn mowers or cloth piece goods shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense."

4. "Purpose; public nuisances; injunction; application and proceedings
"Sec. 4. The purpose of this Act being to promote the health, recreation and welfare of the people of this state, the operation of any business whether by any individual, partnership or corporation contrary to the provisions of this Act is declared to be a public nuisance and any person may apply to any court of competent jurisdiction for and may obtain an injunction restraining such violation of this Act. Such proceedings shall be guided by the rules of other injunction proceedings."

After a hearing, which began on January 7, 1963, the Court denied Clark's Worth et al. any recovery for monetary damages, either actual or exemplary, and denied the prayer [5] for a declaratory judgment, stating that such judgment was unnecessary in view of the injunctive relief [6] granted. Final judgment was rendered and entered on January 28, 1963. Clark's Worth, Inc., et al., appealed from that portion of the judgment denying damages and a declaratory judgment. Crouch did not appeal from the judgment wherein injunctive relief was granted in favor of Clark's Worth, Inc., et al., but on February 8, 1963, filed in this court his motion for leave to file a petition for writ of mandamus and prohibition. On February 13, 1963, the motion for leave to file was granted and on March 27, 1963, the cause was submitted both by briefs and oral argument.

The relator, Doug Crouch, seeks relief in this court praying that a writ of mandamus issue commanding the respondent, the Honorable Harold Craik, Judge of the 153rd Judicial District Court of Tarrant County, Texas, to set aside the permanent injunction granted by him on January 28, 1963, in cause number 26815–C on the docket of said court, and that this court issue a writ of prohibition prohibiting him, as District Judge, from in anywise interfering with the relator in the enforcement of the provisions of Articles 286, 286a and 287 of the Penal Code of the State of Texas, and prohibiting said Judge from entering any order adjudging or attempting to adjudge the relator or his deputies in contempt of said court by reason of any alleged disobedience of the injunction.

■ The writ of mandamus and writ of prohibition will issue for the reasons now to be stated. The respondent, Craik, was without power to enter the order granting the injunction. Therefore, the order was void, and in such a situation, this court does not hesitate to exercise its jurisdiction and grant the writs prayed for. Yett v. Cook, 115 Tex. 175, 268 S.W. 715, 281 S.W. 843; Seagraves v. Green, 116 Tex. 220, 288 S.W. 417; Pickle v. McCall, 86 Tex. 212, 24 S.W. 265; State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272.

The respondent, Craik, admits in his brief, filed in this court, that Articles 286, 286a and 287 of the Texas Penal Code are

5. "(3) That a Declaratory Judgment be entered in favor of each of the plaintiffs declaring that defendant would not be entitled to an injunction against them under the provisions of Section 4 of Article 286a of the Penal Code, and declaring that the conduct herein described of the plaintiffs does not amount to a public nuisance under the law and further declaring the legal rights of each of the plaintiffs under the premises."

6. "(A) The defendant, Doug Crouch, Criminal District Attorney of Tarrant County, Texas, and his deputies and assistants are permanently enjoined and restrained from arresting, charging by complaint, imprisoning, or harassing any of the individual plaintiffs or intervenors named herein or any other clerk, agent or employee of Clark's Worth, Inc. for selling or offering for sale merchandise described and permitted to be sold in Section 1 of Article 286a of the Penal Code (being an act of the first called session of the 57th Legislature of 1961) and not prohibited to be sold in such Section at the mercantile store of Clark's Worth, Inc. at 2530 North Commerce (Sometimes known as 2600 North Main Street) in the City of Fort Worth, Tarrant County, Texas, or preventing said store from remaining open on Sunday for the purpose of traffic in such non-prohibited sales, or otherwise interfering with any of such plaintiffs or agents of such Clark's Worth, Inc. in the carrying on of a Sunday business in the sale or offering for sale of such permitted items of merchandise at any time hereafter for any Sunday sale or Sunday mercantile transaction not prohibited by the provisions of Article 286a of the Penal Code as long as such Clark's Worth, Inc. and/or such individual plaintiffs and intervenors have not been selling or offering for sale such merchandise or having its mercantile store open for business on the Saturday immediately before any Sunday on which any sale or mercantile business has been carried on, to which portion of the judgment the defendant duly excepted."

valid statutes and have not been repealed. Section 5a of Article 286a expressly provides that it was not the intention of the Legislature to repeal Articles 286 and 287 by the adoption of 286a. However, Judge Craik does claim that Article 286 has been amended by the Legislature by its adoption of Article 286a, and that the relator, Crouch, is using the latter statute as a guise to perpetrate a gross abuse of the authority of his office. Judge Craik argues that the Clark's Worth Department Store, in his opinion, is abiding by the law, as declared in Article 286a, and that the acts of Crouch in filing complaints for violations of the provisions of Article 286 were arbitrary and unlawful and the arrests which followed were unreasonable.

Ordinarily a court of equity, such as the acting court in this case, is not concerned with the enforcement of criminal laws. Judge Craik was, therefore, completely without authority to even suggest that the relator, in the exercise of his duties, should proceed under Section 4 of Article 286a, or should proceed in accordance with his interpretation of the Penal Code. Assuming all of the allegations of Clark's Worth to be true, we still have no basis for holding that a court of equity has the power by injunction to stay the prosecution of criminal proceedings. The power and authority to interpret Articles 286, 286a and 287 rests solely with the courts of this state exercising criminal jurisdiction. It is only where a criminal statute is void and vested property rights are being impinged as the result of an attempt to enforce such void statutes that the jurisdiction of the courts of equity can be invoked. That situation does not exist in this case. Therefore, equitable jurisdiction does not exist. See: Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294; Ex parte Phares et al., 122 Tex. 104, 53 S.W.2d 297; State v. Ferguson, supra, 1 High on Injunctions (3rd ed.) 68; Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 258, 68 L.Ed. 596. For the reasons stated, the order issued by respondent, Craik, which has the effect of enjoining the relator from enforcing or attempting to enforce Articles 286 et al., supra, and which has the effect of suspending the operation of such statute is void. See: Section 28 of Article 1 of the Texas Constitution, Vernon's Ann.St.

The writ of mandamus and prohibition is granted, but will actually issue only in the event of the failure of the respondent, Craik, to take action in accordance with this opinion.