**Lloyd MOONEY et al., Appellants,**

v.

**CITY OF SAN ANTONIO et al., Appellees.**

**No. 14301.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 13, 1965.

Rehearing Denied Feb. 3, 1965.

Jandt & Jandt, Seguin, for appellants.

Sam S. Wolf and J. Bruce Aycock, San Antonio, for appellees.

BARROW, Justice.

This suit was instituted by sixteen taxpayers of the City of San Antonio who were engaged in a business of operating a wrecker service, against the City of San Antonio and Charlie Alvarado, d/b/a Alvarado Brothers Garage, seeking to enjoin enforcement of a penal ordinance enacted by the City on December 12, 1963, which ordinance prohibited a wrecker operator from handling, on or over the streets and ways of the City, any vehicle which had been abandoned or involved in a collision, unless the operator was directed to do so by the Chief of Police or his authorized representative.[1]

---

1. "Sec. 8–18. Removing wrecked or abandoned vehicles without permission of police.

"(a) It shall be unlawful for any person, in the operation of an automobile wrecker on the public streets and ways of the City of San Antonio, and not having been directed to do so by the Chief of Police of the City of San Antonio or his authorized representative, knowingly to move, tow, haul or otherwise transport in, on or over the public streets and ways and of the City of San Antonio any vehicle which has been abandoned or which has been involved in a collision.

"(b) Any person violating the provisions of this section shall be deemed guilty of a misdemeanor and shall upon conviction be punished by a fine not exceeding $200.00. (Ord. No. 31977, §§ 1, 2, 12–12–63)."

It was alleged by appellants that the purpose and effect of this ordinance was to give the City a monopoly on the wrecker business, in that by an ordinance enacted on December 5, 1963, the City accepted the bid of Alvarado Brothers to provide wrecker service to the City for the removal from the public streets and ways of the City of all vehicles which had been abandoned, involved in a collision, or were illegally parked. It was further alleged that on January 9, 1964, a written contract was entered into between the City and Alvarado Brothers whereby charges for this service were set, out of which fees the City was to receive 25% of the gross receipts.

The trial court sustained City's plea to the jurisdiction that appellants' petition did not show a justiciable interest, and dismissed the suit without prejudice. No evidence was heard. Appellants have perfected this appeal on the single point that their pleading on its face alleges a justiciable cause of action.

█ It is settled law that courts of equity will not restrain the enforcement of a penal ordinance, unless it is shown to be absolutely void and that irreparable injury will be done to vested property rights of plaintiff by its enforcement. State v. Logue, 376 S.W.2d 567 (Tex.1964); Crouch v. Craik, 369 S.W.2d 311 (Tex. 1963); Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217; City of Dallas v. Harris, Tex.Civ. App., 157 S.W.2d 710, wr. ref.

It is our opinion that appellants have not alleged any vested property rights in the use of the streets and ways of the City and therefore it is unnecessary to pass upon the validity of the penal ordinance or the contract between the City and Alvarado Bros. In State v. Logue, supra, it was said: "If either one of the requirements of equitable relief in this type of situation—void law and irreparable injury to property rights— is lacking, the courts of equity have no jurisdiction to entertain such suit." See

also, Kemp Hotel Operating Co. v. City of Wichita Falls, supra.

█ Appellants alleged that for several years prior to the enactment of the ordinance complained of, they were engaged in the business of operating wrecker service for the benefit of owners of vehicles which are normally upon the streets and highways of the State of Texas, and that it is a lawful business. There is no allegation, however, of any vested right of appellants to use the streets and ways of the City of San Antonio for the purpose of carrying out this business. In the absence of such an allegation, appellants fail to show any threatened invasion of a vested property right. The trial court therefore properly dismissed this suit for want of jurisdiction. State v. Logue, supra; Kemp Hotel Operating Co. v. City of Wichita Falls, supra; Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294; Liegl v. City of San Antonio, Tex.Civ.App., 207 S.W.2d 441, wr. ref.; City of Ballinger v. Boyd, Tex.Civ. App., 173 S.W.2d 363, no wr. hist.

The judgment is affirmed.