

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 28, 1971

Honorable Ned Granger
County Attorney
Travis County Courthouse
Austin, Texas 78711

Opinion No. M-845

Re: Whether an independent ambulance service employed by Travis County to provide ambulance service in Travis County may use the public streets of the City of Austin without securing a franchise from the City.

Dear Mr. Granger:

Your recent letter requesting the opinion of this office concerning the referenced matter poses the following question:

"May an independent ambulance service employed by Travis County to provide service in said County use the public streets of the City of Austin without securing a franchise from the City if it meets all standards required by the City save the securing of a franchise?"

Your letter also informs us that Ordinance No. 670511-I (part 1) of the City of Austin provides as follows:

"No person shall engage in furnishing transfer or ambulance service by operating or driving or causing to be operated or driven an ambulance or transfer vehicle upon the public streets of the city, without first having obtained a franchise in accordance with the terms and provisions of this article."

The controlling question presented is whether the county must obtain a city franchise to operate its ambulance service from points outside the city to hospitals or other medical points within the city, or can the city deny that right or franchise to the county by refusal to grant the franchise.

-4097-

As stated in 25 Texas Jurisprudence 599, Section 1, Franchises, "To be a franchise the right must be of such a nature that without express legislative authority, it cannot be exercised. "

We do not interpret the City Ordinance to apply to the county or State, acting in a governmental capacity, and if it were to be so interpreted, we would be of the opinion that it could not validly require these bodies to obtain a franchise for the right to use the public streets of the City in carrying on their governmental duties within their respective jurisdictions.

Counties are political subdivisions of the State and they act as agencies for the administration of matters that are state concerns. They are created by the sovereign will of the state for the purpose of discharging the state's duties toward its inhabitants and to aid in the administration of its governments.

> "The powers conferred on them are more in the nature of duties than privileges. As an integral part of the state they are said to be endowed with a certain amount of sovereignty . . ." 15 Tex. Jur. 2d 233, Counties. Sec. 1.

Counties are by statute declared to be bodies corporate and politic. Art. 1572, V. C. S. They are empowered to appoint agents for the accomplishment of purposes authorized by law and contracts or acts of such agents, when performed on behalf of the county and within the scope of their authority, effectually bind the county. 15 Tex. Jur. 2d 277, Counties, Sec. 48, Art. 1580, V. C. S.

The Legislature, by Article 4418f, Vernon's Civil Statutes, has granted authority to the Commissioners' Court of any county

> ". . . to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County. "

This broad delegation of authority has been held by this office to authorize a county

> ". . . to operate and maintain an ambulance
> service within the county if the Commissioners Court
> determines that such  service is in furtherance of
> the public health and sanitation.  This authority ex-
> tends to entering into contracts with a private agency
> to provide ambulance service, subject to the pro-
> visions of Article III, Section 52, Texas Constitution. "
> Attorney General's Opinion No. M-385 (1969. )  In
> accord, Attorney General Opinion No. C-772 (1966. )

The home rule power of a city (such as Austin), with  the right to make its own charter so long as the provisions are not inconsistent with the Con stitution or general laws, was upheld in the case of City of Amarillo v. Griggs Southwest Mortuary, Inc. , 406 S. W. 2d 230 (Tex. Civ. App. 1966, error ref. , n. r. e. )  In that case, the city's right to enact an ordinance regulating vehicles, including traffic regulations, was recog-nized, citing Article II, Section 5, Constitution of Texas, and Articles 1175, Sections 20 and 21, 4590b, Vernon's Civil Statutes.  The Amarillo ordinance did not attempt to make the obtaining of a franchise a condition precedent to travel upon the streets of the city, nor was such attempted to be required of a county operated ambulance service.

Consequently, a different question is presented here, where the question concerns whether obtaining a franchise can be made a condition precedent to a county ambulance service's right to use the public streets of the city in addition to compliance with all reasonable safety or vehicular traffic standards.

It has been held that," in case of conflict between jurisdiction of a city and a county, the one serving the superior right of the public must pre-vail over the one serving a subordinate public purpose . . . " McQuillin on Municipal Corporations, Volume 2, Section 7. 08, pages 303-304, citing Galveston v. Galveston County, 159 S. W. 2d 976 (Tex. Civ. App. 1942, error ref. ), holding that the city's jurisdiction served a "subordinate right of the public" and "must yield to the jurisdiction of the Commissioners' Court which in their instance serves a superior right of the public. "

It is also recognized by the authorities, that,

> ". . . if the power so to do has been conferred
> on the municipality or a town or other political sub-

division of the state government, by the legislature . . . as upon home-rule cities, it may grant a franchise or license to use the streets . . . The use of the streets may be granted for . . . an ambulance service . . . e. g. , <u>between termini within the municipal limits</u> . . ." McQuillin on Municipal Corporations, Vol. 12, Sec. 34. 14, pp. 45-46. (Emphasis added. )

However, it appears well settled that,

"The statutory charter power of a municipality to prohibit any ambulance or other motor vehicle for hire from using its streets does not carry with it the power to grant an exclusive right or franchise to one engaged in a private business to so use the streets for such purpose. " McQuillin on Municipal Corporations, Vol. 12, Sec. 34. 23, p. 66; <u>Macon Ambulance Service, Inc. v. Snow Properties, Inc.</u> , 127 S. E. 2d 598 (Ga. Sup. 1962); see also 40 Tex. Jur. 2d 129, Mun. Corps. , <u>Lea County Electric Co-op, Inc. v. Plains</u>, 373 S. W. 2d 90 (Tex. Civ. App. 1963, error ref. , n. r. e. )

The statutory authorization and right of the county to operate such an ambulance service is not subordinate to any right of the city, and we are of the opinion if there is any conflict between the respective jurisdiction of the county and the city, the city's jurisdiction must yield to that of the county at least to the extent of any conflict. You have advised that the County does not seek the right to do intra-city business as such, but seeks only the right to service county residents not living within the city.

We conclude that if the county ambulance service complies with all traffic and safety regulations of the city, it has the right to make a pickup out of the city and bring the patient to a hospital or the treatment facility within the city. It has the right to drive over city streets in so transporting the patient without having to obtain a city franchise. However, it would not be permitted to make pickups within the city or make intra-city transfers without such a franchise.

## SUMMARY

Travis County may employ an ambulance service to provide service to county residents residing outside the City of Austin to transport such patients from points outside the city to hospitals or other medical service points within the city, thereby using the public streets of the city without securing a city franchise, providing all other traffic and safety standards of the city have been met.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

By: NOLA WHITE
First Assistant

Prepared by Austin Bray
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Max Hamilton
Z. T. Fortescue
Kenneth Nordquist
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant