

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 10, 1975

Honorable Wilson E. Speir                    Opinion No. H- 687
Director
Texas Department of Public Safety            Re: Effect of 1975 amendments to
P. O. Box 4087                               article 6687b, section 5(b), V. T. C. S.
Austin, Texas   78773

Dear Colonel Speir:

You have requested our opinion regarding the effect of House Bill 827, found at Acts 1975, 64th Leg., ch. 113, p. 267. The Act provides, in pertinent part:

> Section 1. Subsection (b), Section 5, Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes), is amended to read as follows:
>
> (b) No person who is under the age of twenty-one (21) years shall drive any motor vehicle except a taxicab while in use as a public or common carrier of persons, nor until he has been licensed as a chauffeur. No person who is under the age of nineteen (19) years shall drive a taxicab while in use as a public or common carrier of persons, nor until he has been licensed as a chauffeur. However, the governing body of a home-rule city having a population of more than 800,000, according to the last preceding federal census, may authorize by ordinance the issuance of temporary taxicab permits to persons who are qualified by age to drive a taxicab and who hold a valid Texas operator's license. A temporary taxicab permit must be issued for a definite period of time not to exceed 10 days and may not be issued to the same individual more than once every 90 days. The holder

> of a valid temporary taxicab permit may operate a
> taxicab while it is in use as a public or common
> carrier of persons.  Temporary taxicab permits may
> be issued only in connection with special events in
> the city being attended by out-of-city visitors resulting
> in demand for transportation beyond the capabilities of
> established transportation facilities and may not be issued
> for the purpose of providing transportation in lieu of
> transportation services suspended or lapsed as the result
> of a dispute between employees and their employer.  Proof
> of liability insurance coverage in an amount equal to that
> required by locally franchised taxicab companies shall be
> required before a temporary taxicab permit may be issued.
> (Language added by 1975 amendment is underscored.)

You ask whether this amendment of section 5(b) of article 6687b, V. T. C. S.,
re-establishes minimum ages of 21 and 19 years for the purposes set forth
therein, and also, whether the permits whose issuance by certain home-rule
cities is authorized by the amendment are effective only within the geographical
area of the particular home-rule city.

That portion of section 5(b) which establishes minimum age require-
ments for the operation of certain motor vehicles was not amended and was
re-enacted verbatim from the 1969 amendment to article 6687b.  In 1973, however,
the Legislature enacted article 5923b, which provides that any:

> law, rule, regulation, or ordinance which extends a
> right, privilege, or obligation to a person on the
> basis of a minimum age of 21, 20, or 19 years shall
> be interpreted as prescribing a minimum age of 18
> years.

As a result, as of the effective date of article 5923b, August 27, 1973, the
scope of section 5(b) of article 6687b was effectively altered by operation of law
to establish a minimum age of 18 years for each of the privileges granted.
See Attorney General Opinion H-82 (1973).  We must determine whether the
Legislature by the 1975 amendment intended to re-establish the minimum age
requirements of section 5(b) that existed prior to August 27, 1973.

The mere presence, in amended section 5(b), of the precise language of the earlier statute is not in itself determinative of the question since, by virtue of article 3, section 36 of the Texas Constitution, the Legislature, in amending section 5(b), was obliged to "re-enact and publish at length" the entire section.

The Texas Supreme Court has stated that the "paramount rule" in construing a statute is to ascertain and give effect to the intention of the Legislature. Dolan v. Walker, 49 S. W. 2d 695, 697 (Tex. Sup. 1932). The legislative intent, "rather than the strict letter of the act, " is deemed controlling. City of Mason v. West Texas Utilities Co., 237 S. W. 2d 273, 278 (Tex. Sup. 1951). When necessary to effectuate or preserve the obvious intention of the Legislature, a court will depart from the exact and literal language of a statute:

> A literal interpretation will be avoided if reasonably possible when to give a literal interpretation would plainly thwart the purposes of the Legislature, or would lead to absurdity. Texas State Board of Dental Examiners v. Fenlaw, 357 S. W. 2d 185, 189 (Tex. Civ. App. -- Dallas 1962, no writ).

If the minimum age provisions of section 5(b) are read literally, it is necessary to hold that House Bill 827 partially repeals the minimum age provisions established by article 5923b. In Cole v. State, ex rel. Cobolini, 170 S. W. 1036, 1037 (Tex. Sup. 1914), the Supreme Court indicated the standard governing repeals by implication:

> Repeals by implication are never favored. Laws are enacted with a view to their permanence, and it is to be supposed that a purpose on the part of the lawmaking body to abrogate them will be given unequivocal expression. Knowledge of an existing law relating to the same subject is likewise attributed to the Legislature in the enactment of a subsequent statute; and when the later act is silent as to the older law, the presumption is that its continued operating was intended, unless they present a contradiction so positive that the purpose of repeal is manifest. To avoid a state of conflict an implied repeal results where the two acts are in such opposition. But the antagonism must be absolute--so pronounced that both cannot stand.

> Though they may seem to be repugnant, if it is
> possible to fairly reconcile them, such is the duty
> of the court. A construction will be sought which
> harmonizes them and leaves both in concurrent operation,
> rather than destroys one of them. If the later statute
> reasonably admits of a construction which will allow
> effect to the older law and still leave an ample field for
> its own operation, a total repugnance cannot be said to
> exist, and therefore an implied repeal does not result,
> since in such case both may stand and perform a distinct
> office.

We believe that the two statutes can be harmonized by attributing the verbatim re-enactment of the minimum age provisions of the 1941 amendment to section 5(b) to legislative oversight. We are buttressed in this conclusion by the caption to House Bill 827, which provides:

> An Act relating to the authority of certain home-rule
> cities to issue a temporary permit to a person with an
> operator's license to operate a taxicab; amending Sub-
> section (b), Section 5, Chapter 173, Acts of the 47th
> Legislature, Regular Session, 1941, as amended
> (Article 6687b, Vernon's Texas Civil Statutes); and
> declaring an emergency.

Nowhere in the caption is there any indication that the Legislature intended to alter the minimum age requirements as established by article 5923b. It is proper to look to the title of an amending act to aid the description of the amending clause, especially where, from the body of the act, the intent of the Legislature is doubtful or obscure. Shipley v. Floydada Independent School District, 250 S.W. 159 (Tex. Sup. 1923). It is our opinion, then, that the 1975 amendment to article 6687b does not alter the minimum age require-ments for operators of common carriers which became effective on the enact-ment of article 5923b in 1973.

You also ask whether the temporary taxicab permits authorized by the 1975 amendment to article 6687b are effective statewide or whether their effect is restricted to the geographical area of the issuing home-rule city. As a general rule, the police power of a municipal corporation may be exer-cised only within the territory of the municipality. 6 McQuillin, Municipal Corporations § 24.57 (3d ed. 1969). The Supreme Court has declared that:

The Honorable Wilson E. Speir - page 5

> . . . the jurisdiction and power exercised by a
> municipal corporation is and must be confined to
> the territory of its situs. . . . <u>City of Arlington v.
> Lillard</u>, 294 S. W. 829, 830 (Tex. Sup. 1927).

Unless the Legislature has expressly conferred extra-territorial powers upon a city, "its jurisdiction is ordinarily limited to its boundaries." <u>Ex parte Ernest</u>, 136 S. W. 2d 595 (Tex. Crim. App. 1939). <u>See also</u> <u>City of Sweetwater v. Hamner</u>, 259 S. W. 191 (Tex. Civ. App. -- Fort Worth 1923, writ dism'd).

House Bill 827 does not expressly grant to home-rule cities having a population of more than 800,000 the authority to issue temporary taxicab permits which are effective beyond the city's jurisdiction. Moreover, the statute, by restricting issuance of the permits to periods in which there are "special events in the city being attended by out-of-city visitors resulting in demand for transportation beyond the capabilities of established transportation facilities," implies that the permits would be necessary only within the jurisdiction of the particular city. Other statutes dealing with a municipality's vehicle-licensing authority expressly circumscribe the city's jurisdiction. Article 6698, V. T. C. S., affirms the authority of "incorporated cities and towns to license and regulate the use of motor vehicles for hire <u>in such corporation</u>." (Emphasis added.) Section 20 of article 1175 permits a home-rule city "[t]o license, operate and control the operation of all character of vehicles <u>using the public streets</u>. . . ." (Emphasis added.) In addition, one court has recognized that, even without a statute, a home-rule city may "regulate the operation of vehicles <u>using its public streets</u>." <u>City of Amarillo v. Griggs Southwest Mortuary, Inc.</u>, 406 S. W. 2d 230 (Tex. Civ. App. -- Amarillo 1966, writ ref'd n. r. e.). (emphasis added).

We believe that the limiting language in these cases and statutes, together with the absence in House Bill 827 of any express grant of authority to the specified home-rule cities to issue permits that would be effective beyond the city's geographical area indicates the intention of the Legislature to confine the city's authority to its corporate limits. Accordingly, it is our opinion that temporary taxicab permits issued by a home-rule city pursuant to article 6687b are effective only within the jurisdiction of the particular home-rule city.

## SUMMARY

The 1975 amendment to article 6687b does not alter the minimum age requirements for operation of common carriers which became effective on the enactment of article 5923b in 1973. Temporary taxicab permits issued by a home-rule city pursuant to article 6687b, section 5(b) are effective only within the jurisdiction of the particular home-rule city.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb