**Judy PROCACCINI et al., Appellees,**

**v.**

**Clarence JONES et al., Appellants.**

**No. 4556.**

Court of Civil Appeals of Texas, Eastland.

Dec. 15, 1972.

Rehearing Denied Jan. 5, 1973.

Tony Kaufman, Dallas, for appellants.

N. Alex Bickley, City Atty., Dallas, Henry Wade, Dist. Atty., Dallas, for appellees.

WALTER, Associate Justice.

Judy Procaccini, Arthur Singleton Murphy, David Eugene Hanson and Robert James Moore filed application for an injunction against the Sheriff and District Attorney of Dallas County, the Chief of Police of Dallas and a Justice of the Peace seeking to have some film returned to the Guild Theatre and enjoining the District Attorney "from continuing or commencing any criminal prosecutions relating to the film seized until this law suit has become final." From an adverse judgment the plaintiffs have appealed. They claim they were entitled to injunctive relief because the criminal statute under which they are charged is unconstitutional and void and constitutes an invasion of property rights and will result in irreparable injury to those rights. The parties stipulated as follows:

"It is agreed and stipulated between the parties that a hearing was conducted before Joe B. Brown, Jr., Justice of the Peace, on the 18th day of November, 1971 concerning the obscenity of the motion picture film which was seized on November 2, 1971, and which is the subject of the Plaintiff's suit for injunction. The Plaintiff was represented by her Attorney of Record, and the State of Texas was represented by its Attorney of Record. Upon the completion of the hearing, the motion picture film was found to be obscene by the Magistrate.

It is further agreed and stipulated by the parties that the Plaintiff, by and through her Attorney of Record, objected to the hearing, as conducted, alleging that the hearing did not comply with the time requirements of Section 9(h) of Article 527 of the Vernon's Ann.Texas Penal Code, and made a motion to the Court that the film be returned to the place from which it was taken. Said objection and motion of Plaintiff was overruled by the Court."

The search warrant is alleged to have been issued on November 2, 1971, notice requesting a hearing under Article 527 § 9 (h), Penal Code was filed November 12, 1971, and the plaintiffs' petition for an injunction against the peace officers was filed December 3, 1971. The appellants allege no hearing in compliance with the provision of the Penal Code has been had and because of such noncompliance, no further action should be taken concerning the obscenity or nonobscenity of the film seized. The appellees' pleadings show that the criminal prosecution was filed against the appellants arising out of the seizure of the film and is pending in a county criminal court in Dallas County and that such prosecution was instituted prior to the filing of this proceeding. The charge against the appellants being that they "did unlawfully and knowingly exhibit to J. R. Allen, obscene matter, to-wit, a motion picture depicting acts of sexual intercourse and oral sodomy between human beings of the same and different sexes."

In support of their contentions the appellants cite Flowers v. Woodruff, 150 Tex.

Cr.R. 255, 200 S.W.2d 178, by the Court of Criminal Appeals in which the Court said:

"We state the general rule as found in American Jurisprudence, Vol. 28, page 414 and 415; Section 233: '* * * it has become a well-established rule that equity will not enjoin criminal proceedings or attempt to stay the hands of the peace officers in enforcing criminal law, except where the law attempted to be enforced is unconstitutional and void and its enforcement will result in irreparable injury to vested property rights. Any other would result in much confusion and embarrassment in preserving peace and order and enforcing the police power of the state generally. * * * As a general rule, equity concerns itself only with property rights, and will not intervene for the purpose of restraining the enforcement of a criminal statute or of a regulatory ordinance providing a penalty for its violation, even though it is being enforced in an oppressive and unlawful way.' Under this statement in the text is cited Barkley v. Conklin, Tex.Civ.App., 101 S.W.2d 405. This opinion was written by Judge Alexander, now Chief Justice of our Supreme Court. In said opinion the law is announced in the same language as in the text."

The appellants say:

"Further, all parties agree to the general rule and the exception to that rule applied to the State's Motion to Dismiss; the general rule being that equity will not intervene in criminal proceedings and the exception thereto is that equity will intervene in criminal proceedings if the statute sought to be enforced is unconstitutional or otherwise void and enforcement thereunder involves an invasion of property rights which will result in irreparable injury thereto."

The appellants here contend that § 9(h) of Article 527 of the Penal Code is unconstitutional. Subsection (h) is as follows:

"In the event that a search warrant is issued and matter alleged to be obscene is seized under the provisions of this section, any person alleged to be in possession of the said matter or claiming ownership of the matter at the time of its possession or seizure may file a notice in writing with the magistrate within 10 days of the date of the seizure alleging that the matter is not obscene and the magistrate shall set a hearing within one day after request therefor, or at such time as the requesting party might agree, and at such hearing evidence may be presented as to the obscenity of the matter seized and at the conclusion of such additional hearing, the magistrate shall make a further determination as to the obscenity or nonobscenity of the matter. If at such hearing the magistrate finds the matter not to be obscene, then it shall be returned to the person or persons from whom it was seized."

We hold that the appellants have failed to discharge their burden of establishing that such provision of the statute is unconstitutional.

The judgment is affirmed.