No. 73–212. PROCACCINI ET AL. *v.* JONES ET AL. Appeal from Ct. Civ. App. Tex., 11th Sup. Jud. Dist., dismissed for want of substantial federal question. MR. JUSTICE DOUGLAS, being of the view that the Fourteenth and First Amendments prohibit state obscenity regulation, would vacate judgment below and remand for further proceedings consistent with his dissent in *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

Appellants sought in the 44th Judicial District Court of Dallas County, Texas, to enjoin pending and future prosecutions under Texas Penal Code, Art. 527, § 3, arising out of the seizure of motion picture films alleged to be "obscene matter" within § 3. All parties agree that Texas law permits equitable intervention in a criminal proceeding if the criminal statute involved is unconstitutional, or otherwise void, and enforcement would result in irreparable injury to property rights. See *State ex rel. Flowers* v. *Woodruff,* 150 Tex. Crim. 255, 200 S. W. 2d 178 (1947). Appellants challenged the constitutionality under the First, Fifth, and Fourteenth Amendments of Art. 527, § 9 (h) Tex. Penal Code (Supp. 1972–1973), enacted as an aid to the enforcement of § 3, which is Texas' basic criminal obscenity statute. Section 9 (h) provides as follows:

> "In the event that a search warrant is issued and matter alleged to be obscene is seized under the provisions of this section, any person alleged to be in possession of the said matter or claiming ownership of the matter at the time of its posses-

sion or seizure may file a notice in writing with the magistrate within 10 days of the date of the seizure alleging that the matter is not obscene and the magistrate shall set a hearing within one day after request therefor, or at such time as the requesting party might agree, and at such hearing evidence may be presented as to the obscenity of the matter seized and at the conclusion of such additional hearing, the magistrate shall make a further determination as to the obscenity or nonobscenity of the matter. If at such hearing the magistrate finds the matter not to be obscene, then it shall be returned to the person or persons from whom it was seized."

Obscenity for purposes of Art. 527 is defined in § 1:

"(A) 'Obscene' material means material (a) the dominant theme of which, taken as a whole, appeals to a prurient interest; (b) which is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) which is utterly without redeeming social value.

"(B) 'Prurient interest' means a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters. If it appears from the character of the material or the circumstances of its dissemination that the subject matter is designed for a specially susceptible audience, the appeal of the subject matter shall be judged with reference to such audience." *Id.,* § 1.

The 44th Judicial District Court denied appellants' request for relief. The Texas Court of Civil Appeals affirmed, holding that the appellants had failed to establish the unconstitutionality of § 9 (h). 488 S. W. 2d 543

(1972). The Supreme Court of Texas denied a writ of error and overruled a subsequent motion for rehearing.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). Since it is clear that, when tested by that constitutional standard, the word "obscene" in §§ 3 and 9 (h), read as defined in § 1, renders §§ 3 and 9 (h) unconstitutionally overbroad and therefore facially invalid, I disagree with the holding that the appeal does not present a substantial federal question, and therefore dissent from the Court's dismissal of the appeal.

For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore vacate the judgment below and remand for further proceedings not inconsistent with my *Paris Adult Theatre I* dissent. In that circumstance, I have no occasion to consider at this time whether, if § 1 were properly narrowed, appellants' challenge to the constitutionality of § 9 (h) would merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).