490 F.2d 572
 NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak,
Plaintiff-Appellee,
v.
Curtis P. HARRIS, District Attorney, District No. 7,
Oklahoma County, Oklahoma, et al., Defendants-Appellants.
Charles J. DAVIS and Catherine L. Nuckolls, Intervening
Plaintiffs-Appellees,
v.
Weldon E. DAVIS, Director, Oklahoma Alcoholic Beverage
Control Board, et al., Defendants-Appellants.
SOONERSPHERE CLUB ASSOCIATION, an unincorporated
association, and Ruby Boyd, Plaintiffs-Appellees,
v.
Curtis P. HARRIS, District Attorney, Disrict No. 7, Oklahoma
County, Oklahoma, et al., Defendants-Appellants, with Sooner
Alcohol-Narcotics Education, Inc., a corporation, and Ross
J. McLennan, Amicus-Curiae.
 Nos. 73-1149, 73-1122, 73-1266.
 United States Court of Appeals, Tenth Circuit.
 Argued Sept. 12, 1973.
Decided Jan. 9, 1974.
 
 Loyd Benefield and Lana Jeanne Tyree, Oklahoma City, Okl., and George A. Sears, San Francisco, Cal., for plaintiff-appellee, in 73-1149.
 Larry Derryberry, Atty. Gen., of Oklahoma, and Steven E. Moore, Asst. Atty. Gen., of Oklahoma, for defendants-appellants.
 John R. Wallace, Ben T. Owens, Melvin H. Landers, and Coy Dean Morrow, Miami, Okl., for intervening plaintiffs-appellees.
 Melvin J. Spencer, Oklahoma City, Okl., for amicus curiae.
 Before CLARK,* Associate Justice, LEWIS, Chief Judge, and O'CONNOR, District Judge**
 PER CURIAM.
 
 
 1
 These cases consolidated on appeal test the validity of injunctions issued by the District Court against appellants, Oklahoma law enforcement officers, staying their enforcement of Oklahoma's liquor laws which prohibit the sale of alcoholic beverages by the drink. Okla. Const. Art. XXVII 4; 37 O.S. 538(h). The writs were stayed on appeal and we now find them to be improvidently granted and reverse.
 
 
 2
 On July 18, 1972, an Amtrak train moving interstate through Oklahoma, was boarded at Oklahoma City by law enforcement officers who found liquor being sold on the train by the drink. George Bell, an Amtrak employee, was charged with operating an open saloon in violation of Oklahoma law. On September 6, 1972 Amtrak filed this suit pursuant to 28 U.S.C. 1331, 1332, 1337 seeking a declaratory judgment holding (1) Oklahoma's liquor laws could not be enforced against it because Congress had exempted its operations from 'any State or other law pertaining to the transportation of passengers by railroad as it relates to rates, routes, or service' 45 U.S.C. 546(c); and (2) in the prosecution of its employee, George Bell, the appellants had engaged in 'conscious willful discrimination' in the application of the Oklahoma liquor laws 'resulting in discriminatory enforcement' as prohibited under the Equal Protection Clause of the Fourteenth Amendment. The District Court, after a hearing, granted the declaratory judgment prayed for, found discriminatory enforcement present and issued a permanent injunction 'to protect and effectuate' its decrees. 354 F.Supp. 887, 893, 894 (1972). Amtrak's first issue based on its claimed exemption from Oklahoma law was raised and decided adversely to it in National Railroad Passenger Corporation v. Miller, 358 F.Supp. 1321 (D.C.Kan., 1973), affirmed, 414 U.S. 948, 94 S.Ct. 285, 38 L.Ed.2d 205 (1973). It is therefore without merit.
 
 
 3
 We likewise find no merit in Amtrak's second contention. At the outset the Court's circumvention of the anti-injunction statute, 28 U.S.C. 2283, as the appellants noted, may well be dispositive. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) admonishes that federal 'courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law.' 401 U.S. at 43, 91 S.Ct. at 750. In the framework of this case, the Younger rule places quite a heavy burden on one seeking injunctive relief. The finding by the District Court here that its failure to act would result in irreparable injury, was clearly erroneous under prevailing standards. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Fenner v. Boykin, 271 U.S. 240, 244, 46 S.Ct. 492, 70 L.Ed. 927 (1926); Spielman Motor Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322 (1935); Beal v. Missouri Pacific R. Co., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577 (1941); Douglas v. City of Jeanette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Younger v. Harris, supra.
 
 
 4
 nor does Amtrak have any parade of horribles with reference to its discrimination claim. On the contrary, the record shows that the prosecution was triggered by a telephone call from a newspaper reporter to the Director of the Oklahoma Alcoholic Beverage Control Board, advising that Amtrak was selling liquor by the drink on its trains. The Director wrote an Amtrak official, advising of 'possible violations of law,' requesting cooperation, stating that his letter was 'not to be construed as an immediate threat of action' and requesting a reply as to Amtrak's 'intended action.' No reply was made and some two weeks later an independent investigation by state agents was instituted which ascertained that Amtrak had no intention of complying with Oklahoma's liquor laws. This prosecution followed.[1]
 
 
 5
 (1). We are not persuaded that the District Court's conclusion of law as to discriminatory enforcement of law saves Amtrak. It is not named as a defendant and George Bell, its employee, has an adequate remedy at law through state prosecution. Two Guys v. McGinley, 366 U.S. 582, 588, 589, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1960). Also see Fenner v. Boykin, supra.
 
 
 6
 (2). Intervenors Charles J. Davis and Catherine L. Nuckolls, owner and employee, respectively, of Shangri-La Lodge, claim Oklahoma laws were unconstitutionally applied to them and invidious discrimination is present. The record indicates that within the large resort complex a private club is operated wherein liquor by the drink is sold. On two occasions arrests have been made of employees, one of them is Intervenor Nuckolls. As it had done in the Amtrak case, the District Court proceeded straightaway to decide the declaratory judgment claim of unconstitutional application of Oklahoma's liquor laws, and after finding for Davis and Nuckolls, issued an injunction to 'protect and effectuate its decrees' 361 F.Supp. at 393. as samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) dictates, where a state prosecution has begun, 'the same equitable principles relevant to the propriety of an injunction must be taken into consideration . . . and that where an injunction would be impermissible . . . declaratory relief should ordinarily be denied as well.' 401 U.S. at 73, 91 S.Ct. at 768. As was said in Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 677, 27 L.Ed.2d 701 (1971), injunctive relief lies 'only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.' We find neither harassment, bad faith nor irreparable injury present here; hence the conclusions of the District Court are clearly erroneous.
 
 
 7
 ( 3). As to Soonersphere Club Association and Ruby Boyd v. Harris, No. 73-1266, the motion to dismiss the appeal was denied by this Court on May 5, 1973. The record now shows that the Association entered a plea of guilty and paid a fine on the criminal charge of operating an open saloon, and the prosecution against Ruby Boyd was dismissed. Neither party has filed a brief on the merits nor appeared at argument on September 12, 1973. We are advised that both parties 'have elected not to further test the constitutionality or validity' of Oklahoma's liquor laws. We therefore conclude that this appeal is moot.
 
 
 8
 The judgments in each of the consolidated cases, save No. 73-1266, are reversed, the orders are vacated and the cases remanded with instructions to dismiss each of them. In No. 73-1266, Soonersphere and Ruby Boyd, the cause is declared moot, the orders are vacated, and the case is remanded with instructions to dismiss the same.
 
 
 9
 It is so ordered.
 
 
 
 *
 Associate Justice, United States Supreme Court, Retired, sitting by designation
 
 
 **
 Judge, United States District Court, Kansas City, kansas, sitting by designation
 
 
 [1]
 The record also discloses that there were, in Oklahoma County alone, approximately thirty-four prosecutions (involving some sixty-five persons and business establishments) instituted during the nine-month period immediately preceding the filing of this suit